EMILY DREW, APPELLEE, v. HENRY KIRKHAM AND JANE KIRKHAM, APPELLANTS.

1. **Confirmation of Sale of Mortgaged Premises:** PUBLICATION OF NOTICE. The sheriff's return states, "that on the twenty-fourth day of July, A.D. 1877, I caused a notice to be published in the Nebraska Herald, a newspaper printed and of general circulation in said county, that I would offer said real estate for sale at the south door of the court house, in said county, on the twenty-seventh day of August, A.D. 1877, at 11:45 A.M. of said day, etc. *Held*, to be sufficient evidence of publication. *Parrat v. Neligh*, 7 Neb., 456. *Held*, also, that the several officers, in the discharge of their duties as prescribed by section three of the act of 1875, entitled, "An act for the more equitable appraisement of real property under judicial sale," do not exercise judicial powers.

2. **Judicial Sale:** ERROR WITHOUT PREJUDICE. The premises were appraised at $2500, but by reason of the erroneous valuation of certain liens, the defendant's interest therein was only valued at $143.77. The property brought at the sale $1675, which being more than two-thirds of the gross appraisement— *Held*, that the consideration of such erroneous liens by the appraisers was error without prejudice.

APPEAL by defendants from an order of confirmation of the sale of real estate in the district court of Cass

county.  The case involves a construction of the act for the more equitable appraisement of real property at judicial sale (Laws 1875, p. 60), the first four sections of which are as follows:

SECTION 1.  Whenever, hereafter, execution shall be levied on any lands and tenements, the officer levying the same shall call an inquest of two disinterested freeholders, who shall be residents of the county where the lands taken on execution are situated, and administer to them an oath impartially to appraise the interest of the person, persons, or corporation against whom the execution is levied, in the property so levied upon; and such officer, together with said freeholders, shall appraise said interest at its real value in money, and said appraisement shall be signed by such officer and said freeholders respectively.

SEC. 2.  That for the purpose of the appraisement mentioned in the last preceding section, the officer and the freeholders therein named shall deduct from the real value of the lands and tenements levied on the amount of all liens and incumbrances for taxes or otherwise prior to the lien of the judgment under which execution is levied, and to be determined as hereinafter provided, and which liens and incumbrances shall be specifically enumerated, and the sum thereafter remaining shall be the real value of the interest therein of the person, persons, or corporations against whom or which the execution is levied.

SEC. 3.  It shall be the duty of the county clerk, the clerk of the district court, and the county treasurer of the county wherein such levy is made, for the purpose of ascertaining the amount of the liens and incumbrances upon the lands and tenements so levied upon, upon application of the sheriff, in writing, holding such execution, to certify to said sheriff under their respective hands and official seals the amount and character of

all liens existing against the lands and tenements levied on, and which are prior to such levy, as the said liens appear of record in their respective offices. For which certificate and the necessary search therefor said officer shall receive a fee of two dollars ($2.00) each, to be paid by the plaintiff in the execution, and. taxed as increased costs in the action in which the judgment on which execution was issued was rendered.

SEC. 4.    The officer holding such appraisement shall forthwith deposit a copy thereof, including his application to the officers enumerated in section three of this act, and their official certificates as in said section provided, in the office of the clerk of the court from which such execution issued, and shall immediately advertise and sell said real estate, lands, and tenements agreeably to the provisions of this act, but in no case shall he sell any such real estate, lands, or tenements for less than two-thirds the appraised value of the interest of the person, persons, or corporation, against whom the execution was issued, unless it appear from the appraisement under this act that the liens and incumbrances thereon equal or exceed its real value in money.

*Willet Pottinger*, for appellants.

*Sam. M. Chapman*, for appellees.

COBB, J.

This is an appeal from an order of the district court confirming the sale of mortgaged premises. The exceptions to the report of said sale contain the following eight points :

I.    The appraisement made for the purpose of making said sale was not made according to law.

II.    Said appraisement was made far below the actual value of said lands and premises.

III.    That the appraisers, in making said appraisement, took in consideration and treated as a lien on said land the very claim or mortgage debt on which this order of sale is made.

IV.    That said appraisers only appraised the interest of said defendants in all of said lands at $143.77, when the said land is shown to be worth a larger amount than that sum, to-wit: $2,500.

V.    That the appraisers took into consideration and treated as a lien a mortgage made by the defendant to John Fitzgerald, for the sum of $450 and interest, when the said mortgage had been fully satisfied, and was no subsisting lien on the land, and was a subsequent mortgage to the said plaintiff's mortgage on which the sale was made, and the said Fitzgerald mortgage was on record in said county at the time the said plaintiff commenced her said action, and said Fitzgerald should have been made a party to litigate his lien.

VI.    That the county clerk, the clerk of the district court, the county treasurer, and appraisers exercised judicial powers in passing on the validity of said liens, which is contrary to the constitution of the state of Nebraska.

VII.    That there was no legal notice given of such sale.    That from the return of said sale it does not show that the sheriff making said sale caused public notice of the time and place of sale to be given, for at least thirty days before the day of sale, by advertisement in some newspaper printed in said county of Cass.

VIII.    That the return of the sheriff does not show that the said sheriff, advertised said land by putting an advertisement on the court house door, and in five other public places in the county of Cass, two of which were to be in the precinct where such lands and tenements lie, etc.

Drew v. Kirkham.

The first objection is too general in its terms to entitle it to any consideration.

The second objection cannot be considered for the reason that there was no evidence before the district court, nor is there any before this court, showing or tending to show the value of the said lands.

The third objection shows the sheriff and appraisers in a somewhat ridiculous light. It was manifest misconduct on their part to treat as a lien and deduct from the value of the land the amount of the mortgage, to satisfy which they were about to sell the land. But it seems that the appellant was not prejudiced thereby. The gross value of the lands, as fixed by the appraisers, without deducting anything for liens or incumbrances, was $2,500. The amount for which the land was bid off and sold was $1,675, something over two-thirds of its appraised value. The above equally applies to the fourth and fifth objections, with this in addition as to the fifth objection, that there was nothing before the district court, nor is there anything before this court, in the nature of evidence tending to show that the Fitzgerald mortgage had been paid.

As to objection six, the officers therein mentioned, other than appraisers, do not exercise judicial powers in passing upon the validity of such liens under the act entitled "An act for the more equitable appraisement of real property under judicial sale." Laws, 1875, p. 60. On the contrary, such acts are purely ministerial. The county clerks, clerks of the district courts, and county treasurers are required to report the several liens as they find them of record in their respective offices, and they do not pass on their validity. *Sessions v. Irwin*, ante p. 5.

As this cause was not argued before this court, and the appellant has furnished no brief, we are left somewhat in the dark as to the point sought to be made by

him in his seventh and eighth exceptions. Especially in view of the fact that this court had already, in *Parrat v. Neligh*, 7 Neb., 456, held, "that where the officer has caused public notice of the time and place of sale to be given for at least thirty days before the day of sale, by advertisement in some newspaper printed in the county, it is unnecessary to post notices of the time and place of sale." And the sheriff states in his return in this case, that "on the twenty-fourth day of July, A.D. 1877, I caused a notice to be published in the *Nebraska Herald*, a newspaper printed and in general circulation in said county, that I would offer said real estate for sale at the south door of the court house, in said county, on the twenty-seventh day of August, A.D. 1877, at 11.45 o'clock A.M. of said day," etc. Giving this language its plain and ordinary meaning, we think it means that the newspaper in which the notice was published was *printed in* Cass county, as well as being of general circulation therein.

Failing to find any error in the record, the order of confirmation is affirmed.

ORDER AFFIRMED.