ADDISON H. JACKMAN, APPELLANT, V. THE MISSOURI PACIFIC RAILROAD CO., APPELLEE.

Railroad: DAMAGES FOR RIGHT OF WAY. J. sold and deeded to the railroad company a right of way across his land. The railroad company constructed an embankment for the track of its road along and upon such right of way, and thereby diverted a running stream of water which crossed the right of way, and then, making a half circle, ran back, so that the embankment constituting the string of the bow left the bow on the west side of the embankment a pool of standing water. Thereupon, the railroad company instituted proceedings and condemned two small strips of J.'s land, one on each side of the said embankment—one on the east side for the purpose of a ditch to carry the water of said stream between the two points where the same was cut by the said embankment, and the other on the opposite side of the embankment for a "Y" track—both of said strips being connected along their whole length with the right of way sold and conveyed by said J. to the railroad company. Upon appeal from the assessment of damages for taking said strips of land, the rulings of the district court, as well in the excluding of testimony as in the giving and refusing of instructions, whereby J.'s damages were confined to the value of the land taken, *Upheld.*

APPEAL from Cass county. Tried below before POUND, J.

*Crites & Ramsay,* for appellant, cited: Sec. 86, chap. 16, Comp. Stat. *In re N. Y. Central,* 66 N. Y., 407. *Stodghill v. Chicago,* 43 Iowa, 26. *Mayor v. Thompson,* 29 Ark., 569. *Peoria R. R. v. Bryant,* 57 Ill., 473. *Mo. R. R. v. Haines,* 10 Kan., 439.

*Everest & Wagoner,* for appellee.

COBB, CH. J.

This is an appeal from the verdict and judgment in the district court of Cass county, on appeal from the award of commissioners appointed by the county court in condemnation proceedings made Sept. 14th, 1881, under sec. 97,

ch. 16 of the Compiled Statutes. The appellee acquired a right of way across appellant's land by deed, in June of that year. A perennial stream called Mill creek crossed said right of way from appellant's land on the east side running over and into appellant's land on the west side, flowing some twenty rods thereon, and meandering back across said right of way again into appellant's land on the east side, and from thence making its way into the Platte river. Appellant then was, and for a long time had been using said land for milling and stock feeding purposes, and making constant use of the waters of said stream. After the right of way was granted, the appellee constructed thereon an embankment twelve feet wide at the top, and eight feet high, filling up the channel of said stream at both points where it crossed the right of way, scooping the dirt for that purpose from the appellant's land east of and adjoining the right of way, entirely diverting the water of said stream from appellant's land west of the right of way into a channel formed by the removal of said dirt, which new channel was entirely on appellant's land east of the right of way by which diversion appellant lost all benefit, use, and enjoyment of the waters of said stream. After appellee's works were finished and the diversion of said stream complete, the appellee instituted these condemnation proceedings to procure the strip of land upon which the new channel of the stream rested, and also a three-cornered piece west of the tract on the alleged ground. The said parcels were necessary for right of way, switch, and side track purposes.

On the trial below, the district court held that damages accruing to the appellant under these circumstances by the diversion of the waters of said stream, were not proper to be included in the award of said commissioners, but must be recovered in a separate action, brought for that purpose, and so ruled, both during the introduction of evidence, and in instructing the jury.

On the trial, the court at the request of the plaintiff instructed the jury as follows:

1.    The elements of damage for which you may allow in this case are:  *First*, The fair market value of the land actually taken for railroad purposes; and, *Second*, The damages to the remainder of the tract not taken, accruing by reason of such taking.  In no event can you render a verdict to the plaintiff for less than the actual and fair market value of the land actually taken.

6.    It being conceded that the line and track of the Burlington & Missouri River Railroad Company in Nebraska skirts the tract of land in controversy on the south side thereof, you will not allow anything for benefits accruing to the tract in controversy, by reason of defendant's lines of railroad running through the same.

7.    It being conceded that the defendant company had, previous to the taking of the lands appropriated, acquired right of way from the plaintiff for its main line and track through and over the premises in controversy, you cannot allow the defendant any benefits accruing to the plaintiff by reason of its lines being so located to off-set or reduce the damages accruing by reason of the subsequent appropriation of the lands in controversy.

Also the following, at the request of the defendant:

1.    The court instructs the jury that in estimating plaintiff's damages they cannot consider or take into estimation any damage or injury caused by changing the channel of the stream, that plaintiff's remedy for any such injury is by a separate and distinct action, commenced and prosecuted for that purpose.

2.    That this is an appeal from the award of commissioners appointed to appraise the value of said lands; that in estimating the damages you should find, first, the amount of land so taken, then its market value, and from this determine the value thereof in money, which would constitute plaintiff's damage with damage to the remaining land if any there be.

The following instructions were requested by the plaintiff and refused by the court.

2. In ascertaining the damages to the balance of the tracts not taken, you are first to ascertain its fair market value before the taking, and its fair market value after the taking of the same and the completion of the defendant's work thereon. Deduct this latter sum from the first one mentioned in this instruction, and you will have the amount of damage accruing to the remainder of the tract not taken. This sum, added to the value of the land taken, with seven per cent interest thereon from the time of taking, will be the amount for which you should return verdict in favor of the plaintiff.

3. In determining the damages to the land not taken, you will assess them with reference to the injury done to the plaintiff by such taking ; the injury to the business which he had pursued thereon, as well as the uses in his business to which a man engaged thereon might reasonably put the premises ; not with reference to any particular time in the future, but to such use as is customary, ordinary, and usual to use premises in the business in which the plaintiff was engaged; and situated as these premises were situated, with reference thereto. You are to exclude remote and purely speculative injuries, and to include only such direct and natural injuries as result from the construction and running of the road, and the building of their works on the land taken. If the plaintiff had in the ordinary, usual, and reasonable prosecution of his business on the land, made use of the same for rearing and fattening stock, and might in the future in the ordinary course of his business continue to rear and fatten stock, and if you further find that by the erection and construction of defendant's works on the lands taken, the value of plaintiff's use of the remainder has been materially impaired or lessened, or if he is by such works merely impeded and obstructed of access to that portion of the tract not taken—which lies

across the track from the business buildings—you will consider the depreciation in value by reason of such taking, and the construction by reason of his being so impeded and obstructed of access; and by reason of such use being so materially impaired in the value of the use by said plaintiff in his business, in fixing the amount of damages, you will allow him therefor.

5.    The plaintiff or his successor in the ownership of the lands is perpetually entitled to the use, benefit, and enjoyment of the waters of Mill creek, within the banks and on the bed of the same, as said waters flowed at and prior to the time of the taking of the land, and the construction of defendant's works on the land taken by the benefit of such waters, the company had no right to deprive him, at least until they had made suitable and actual compensation therefor.    The amount of such compensation will in part constitute the damages which you are to allow to the plaintiff by reason of such taking.

8.    If you find that the defendant company has actually appropriated to its own use by them of the parcels of land described in its notice of condemnation, then the mere fact that it neglected to have the commissioners appraise that parcel on the west side of the right of way, is wholly immaterial; and you may allow in this proceeding, in addition to the other items of damage, the fair market value of said parcels so appropriated, which is on the west side of same right of way.

10.    If the defendant company at the time of its appraisement of damages herein, intended to permanently obstruct and turn the waters of Mill creek out of their customary course, though over and upon a part of plaintiff's remaining land, or if it had any effect or made such diversion at the time fixed by the appraisement of such damages, it was its duty to have such damages arising from such diversion fixed and included in said award ; and it is now your duty to allow the damages for such diversion.

The jury found for the plaintiff and assessed his damages at fifty (50) dollars. A motion for new trial was made by the plaintiff which was overruled, and he brings the cause to this court by appeal.

There are no assignments of error and we are left somewhat in the dark as to points relied upon by the plaintiff to reverse the judgment in this case. He claims, however, that if the diversion of the water-course in the construction of the road-bed of the railroad was not necessary, then that the condemnation proceedings should have been dismissed at the cost of the appellee, as to the parcel marked on the map as situated on the east side of the right of way, and he cites sec. 86, chap. 16 of the Compiled Statutes; but it should be borne in mind that at the time of the condemnation proceedings appealed from, the stream had already been diverted and the embankment of the railroad constructed; therefore the question of the necessity of the diversion of the stream was no longer pending. Nor does it seem that the appellant appealed from the condemnation of the said land, but only from the award of damages made by the said commissioners.

A somewhat novel and interesting question is presented by the record in this case. It will be remembered that the appellant had sold and conveyed to the railroad company the right of way over and across his land. These condemnation proceedings were commenced by the railroad company for the purpose of condemning a strip of land on the east side of the railroad right of way, for purposes of an artificial water course along and over a portion of appellant's land, rendered necessary by the changing of the channel of the small stream called Mill creek in the construction of the railroad and embankment thereof across said land, and a like strip on the west side of said railroad claimed to be necessary for the purpose of constructing a " Y " connecting said railroad with the line of the B. & M. railroad; the latter named strip in point

34

of fact covers a portion of the old bed of the stream diverted
as aforesaid.   Under these condemnation proceedings, the
appellant claims the right to have considered the damages
probable to be sustained by him in consequence of the sep-
aration of his land into two parcels by the construction of
the railroad itself; the right of way for which had been
previously granted and conveyed by him to the railroad
company.   Also damages for the diversion of the stream
which had already been an accomplished fact before the
origin of this proceeding; and it is obvious that the use
to which the lands now proposed to be condemned, did not
divert the stream; but as to one of them it is to furnish
an artificial channel to answer the purpose of the old
stream.   Appellant cites authorities tending to establish
the position that upon the assessing of damages for a right
of way across a tract of land, it is proper to take into con-
sideration every species of damage which the construction
of the railroad is likely to cause to the land or its owner;
and from these authorities he draws the argument that he
is entitled under these condemnation proceedings to intro-
duce evidence of the damages proposed by the occupation
of the right of way sold and conveyed as aforesaid.

If the appellant is correct in this position, then it might
be argued that inasmuch as the purchase from him by the
railroad company of the right of way was equivalent to
and took the place of condemnation proceedings, and all
damages were taken into consideration in that contract of
purchase and sale, that he has been compensated for all
the damages which any or all of the testimony offered by
him could possibly have established.   But while we express
no opinion as to whether such damages were legally con-
sidered in such purchase and sale, leaving that to be con-
sidered when it may be properly presented, yet the cases
cited fall very far from establishing the position claimed
for them by him.

I think that if instead of granting the right of way to

the railroad by deed as he did, he had left the company to the ordinary proceedings by condemnation, he might have claimed that the damage which would arise from the diversion of the stream should be taken into consideration by the commissioners in making their award of damages. Had the railroad company resisted this claim they might have been enjoined from diverting the stream; but having made the conveyance, as I must presume, upon a valuable consideration, he must be left to his remedy for damages for the diversion of the stream to a suit wherein the question as to whether such diversion was or was not contemplated in the said contract of conveyance can be properly presented by pleadings and evidence; and that such question cannot arise in this proceeding to condemn premises for purposes which did not tend to the injury complained of.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.