JOHN D. NELIGH, PLAINTIFF IN ERROR, v. L. M. KEENE,
DEFENDANT IN ERROR.

1.   **Judicial Sale:** CONFIRMATION.   An order confirming a sale
    of real estate where the court has jurisdiction, cures all defects
    and irregularities in the proceedings, and cannot be attacked col-
    laterally.

2.   ———— : APPRAISEMENT.   The failure of an officer holding an
    order of sale of real estate to have such property appraised is a
    mere irregularity, is not jurisdictional, and is cured by the
    order of confirmation.

ERROR to the district court for Antelope county.   Tried
below before TIFFANY, J.

*M. McLaughlin* and *John L. Webster,* for plaintiff in
error.

*John M. Thurston* and *W. H. Munger,* for defendant in
error.

MAXWELL, J.

This is an action of ejectment brought by the plaintiff against the defendant in the district court of Antelope county, to recover the possession of certain real estate in said county. On the trial of the cause the court found for the defendant, and dismissed the action.

It appears from the record that in April, 1875, John D. Neligh and wife executed a mortgage upon the real estate in controversy to E. H. Rogers, to secure the payment of a promissory note for the sum of $2,040, with interest, which note was due and payable in six months from that date; that default was made in the payment thereof, and in March, 1876, a bill in chancery to foreclose said mortgage was filed in the circuit court of the United States for the district of Nebraska; that Neligh and wife made no defense to the action, and in May, 1876, a decree for the sum of $2,318.81, was taken against them by default, and declared a first lien on said real estate; that Neligh thereupon requested and obtained stay of order of sale for the period provided by statute; that after the expiration of the stay, the premises were sold under said decree, the sale thereafter confirmed by the court, and a deed ordered and made to the purchaser. The land was afterwards conveyed by the purchaser, under the decree, to the defendant. It is admitted that there was no appraisement of said property before the sale, and that the notice of sale was published in a newspaper in Omaha, and that there was no notice published in the county where the land is situated. The plaintiff claims that the sale is void, and the purchaser acquired no title thereby, and that the plaintiff is still the owner of the property.

Sec. 1 of the act of 1875 [Laws, p. 60], for the more "equitable appraisement of real property under judicial sale," provides that: "Whenever, hereafter, execution shall be levied on any lands and tenements, the officer levy-

ing the same shall call an inquest of two disinterested free-holders who shall be resident of the county where the lands taken on execution are situated, and administer to them an oath impartially to appraise the interest of the person, persons, or corporation against whom the execution is levied, in the property so levied upon, and such officer, together with said freeholders, shall appraise said interest at its real value in money, and such appraisement shall be signed by such officer and said freeholders respectively." [Comp. Stat., 593.]

Sec. 2 provides in what manner the appraisement is to be made.

It will be observed that the title provides for appraisement of real property under *judicial* sale, while the act itself provides for sales where an "execution shall be levied on lands and tenements."

A judicial sale is in contemplation of law a sale made *pendente lite;* a sale in court, and the court is the vendor. Rorer on Judicial Sales, § 1.

The courts of this state have construed the law to apply to all sales of real estate under process of the court, whether upon execution or order of sale, and this construction is within the spirit of the act and will be sustained. But the circuit court of the United States, finding no decision of this court construing the statute, might well be in doubt whether it applied to sales under a decree of fore-closure, and therefore not require an appraisement. A sale without an appraisement is not void; at most it is errone-ous. The court acquired jurisdiction by the service of process, and this jurisdiction continued until the sale was made and confirmed, and a deed executed. Errors may have been committed, but it was the duty of the party complaining of the same to endeavor to correct them in some of the modes provided by law. If he has failed to do so he cannot treat the judgment as void. The presumption is, that the court examined the proceedings of the of-

ficer, and was satisfied that the sale had been fairly conducted, and had in all respects been made in conformity to the provisions of the statute. This would bring before the court the price for which the property had been sold. Had the price been greatly below the value of the property, and a showing to that effect been made, no doubt the court would have set the sale aside; but there is no claim that the property was not sold for its full value. Even the appraisement law is sometimes used as a sword and not as a shield, as is shown by some of the cases brought to this court—as where the lien under which the property is sold is deducted from the value of the property, or the appraisers, instead of estimating the value of the *property*, arrogate to themselves the right to determine the value of the debtor's title. Where the court has jurisdiction the confirmation of the sale cures all defects and irregularities in the proceedings, and such order cannot be attacked collaterally. *McKeighan v. Hopkins*, 14 Neb., 361. *Day v. Thompson*, 11 Id., 123. *Berkley v. Lamb*, 8 Id., 392. *State Bank v. Green*, Id., 297. *Crowell v. Johnson*, 2 Id., 146. *Phillips v. Dawley*, 1 Id., 320. This being the law, all the irregularities complained of, including the publication of the notice of sale, were cured by the confirmation, and the purchaser under the decree obtained all the plaintiff's title by the master's deed. The plaintiff, therefore, has no interest in the property, and cannot maintain the action. The judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.