CYNTHIA A. WILCOX, PLAINTIFF IN ERROR, V. JOHN
RABEN, DEFENDANT IN ERROR.

1. **Appeal:** JURISDICTION OF APPELLATE COURT. Where, in
an action in the county court against the principal and sure-
ties on a promissory note, as joint makers thereof, judgment
was rendered in favor of the plaintiff against all, and the prin-
cipal defendant removed the cause to the district court by ap-
peal, it was held that, as the interests of the defendants were
inseparably connected, the appeal brought the entire case to the
district court, and that that court, upon a trial resulting in favor of
the plaintiff, had jurisdiction to render judgment against all
the defendants.

2. **Judicial Sale:** CONFIRMATION. An order confirming a sale
of real estate, where the court has jurisdiction, cures all defects
and irregularities in the proceedings after judgment, and can-
not be attacked collaterally.

3. ———: ORDER OF CONFIRMATION. An order of confirmation
entered by the district court, describing the property sold as
certain lots and blocks, but failing to state the name of the
town or city in which they are situated, will not be held void
as failing to describe the property, where reference is made to
the return of the officer and giving the correct date of the sale,
if the return contains a proper description of the property sold.

ERROR to the district court for Hamilton county. Tried
below before NORVAL, J.

*Hainer & Kellogg,* for plaintiff in error, cited: Rorer
on Judicial Sales, Sec. 658. *Piel v. Brayer,* 30 Ind., 332.
*Atkins v. Atkins,* 9 Neb., 191. *Frazier v. Mills,* 10 Id.,
113. *Harris v. Hardeman,* 14 Howard (U. S.), 336. *Bor-
den v. Fitch,* 15 Johnson, 121 (8 Am. Dec., 225). Story
on Agency, Sec. 210. *McLaren v. Hall,* 26 Iowa, 297.
*Williams v. Neth,* 31 N. W. Rep., 630.

*A. W. Agee,* for defendant in error, cited: *Warren v.
Dick,* 17 Neb., 242. *Gregory v. Tingley,* 18 Id., 320.

*Wyant v. Tuthill*, 17 Id., 497. *Neligh v. Keene*, 16 Id., 407. *O'Brien v. Gaslin*, 20 Id., 347. *McKeigan v. Hopkins*, 14 Id., 361.

REESE, CH. J.

This was an action in ejectment, instituted in the district court by plaintiff in error, for the recovery of lots No. 3 and 4 in block No. 30 in the original town of Aurora.

It appears from the record that, in the year 1872, Durias Wilcox, the husband of plaintiff in error, and who is now deceased, secured the title to the north-east quarter of section 4, township 10 north, of range 6 west, in Hamilton county, from the United States, under the pre-emption laws, and that thereafter the land was platted as a part of the town site of Aurora. Soon after obtaining the patent from the United States, Wilcox and wife conveyed a portion of the premises, including that upon which the lots in question were situated, to Mary A. E. Stone. On the 19th day of December, 1872, Durias Wilcox, as principal, and Cynthia A. Wilcox, the plaintiff, John Schultz, and Abraham Kinley, as sureties, executed and delivered to one David Stone their joint and several promissory note in the sum of $275, bearing interest at the rate of ten per cent per annum. The next day the lots in question, with others, were conveyed by Mary Stone and her husband to Durias Wilcox, and on the 24th day of the same month Durias deeded the same to his wife, the plaintiff. Stone brought suit upon the note against all of the makers, and on the 7th day of July, 1873, obtained a judgment in the probate court of Hamilton county for the amount due. From this judgment Durias appealed to the district court. A trial was had in that court, which again resulted in a judgment in favor of the holder of the note against the makers. An execution was issued and levied upon the

property in dispute, with other real estate, and a sale was had, which was afterwards confirmed by the district court, and a deed was duly executed to the purchaser.

This action is now brought by the plaintiff in error, as the owner of the real estate under the deed from her husband; her contention being, that the judgment of the district court, upon which the order of sale was issued, was improperly rendered against her, as she had taken no appeal, and the general appearance for her by the attorneys representing the defendants was without authority.

It is insisted that the appeal from the probate court was taken by Durias Wilcox alone, and that, therefore, the district court had no jurisdiction over her to render the judgment.

I think it sufficiently settled, in this state at least, that where the interests of the parties are inseparably connected in an action, that an appeal by one will remove the cause to the appellate court for all. *Lepin v. Paine & Co.*, 18 Neb., 629, and cases there cited.

Durias Wilcox was the principal debtor upon the note; any defense made by him inured to the benefit of his sureties, and therefore the appeal, even if taken by him alone, and without express authority from the other defendants, removed the cause into the district court as to all.

It is insisted that the sheriff's deed to defendant conveyed no title, and in support of this it is urged that the execution was defective, in that it misrecited the amount of the judgment; that the return of the officer was defective for various reasons mentioned; that the notice of sale, the appraisement, and the sale itself, were so defective as to vest no title in defendant. These questions were, or should have been, presented to the district court at the time of the hearing upon motion to confirm the sale. The district court evidently had jurisdiction of the parties and of the subject-matter. The confirmation of the sale, therefore, cured all defects and irregularities, if any, in the proceed-

ings, and such order cannot now be attacked collaterally. *Neligh v. Keene,* 16 Neb., 407.

It is contended that the order of confirmation was void, and therefore no adjudication upon the validity of the sale. The record shows that, after the sale of the property, the return was made by the sheriff to the district court at the June term of 1877. The plaintiff in that action appeared by his attorney, defendants by their attorneys, and the cause came on to be heard on the motion of the defendants to set aside the sale. This motion was argued, and on consideration thereof it was overruled. The attorney for the plaintiff then moved for an order of confirmation, which was granted, the sale confirmed, and the sheriff was ordered to make to the purchasers of the real estate sold the necessary deeds of conveyance. It is objected that this order was void, for the reason that it did not describe the property sold and to be conveyed. The description of the property seems to be perfect by lots and blocks, with the exception that it is not stated that they are situated in the town of Aurora, Hamilton county, Nebraska. While it is true that the description of the property should be given in the order of confirmation, yet this defect is no doubt aided by the return of the officer to what is denominated therein the order of sale, meaning beyond question the execution. In that paper the description of the lots and blocks is given, together with the statement that they are in the town of Aurora, Hamilton county, Nebraska. This return was found to be correct by the district court by its order of confirmation, and the lack of description in said order is aided by the correct description contained in the return, and to which reference is made by the date of sale. Afterwards a motion was made by defendants to set aside the order of confirmation and grant a rehearing on the motion to set aside the sale. Notice of this motion was served upon the plaintiff in the action, and that it would be heard before the district judge of the

fourth judicial district at a place named, on the 5th day of July, 1877, at ten o'clock A.M. of said day. On that day the parties appeared by their attorneys. The motion was argued, and it was found by the judge that the sale had been made in conformity with the law, that the order of confirmation had been properly granted, and the motion for rehearing was overruled. It is now insisted that by the law in force at that time the judge had no jurisdiction at chambers, and therefore his action was void.

We are unable to see how this can become a vital question in this case, for the reason that the order of confirmation was made in term time by the court, and was never in any manner vacated or set aside. The judge at chambers simply refused to interfere with that order. We therefore hold that the order of confirmation was valid, and cannot now be attacked in this collateral way.

In accordance with the allegations of the answer, it was shown upon the trial that extensive improvements had been made upon the property by defendant after his purchase, and prior to the commencement of this action, with the knowledge of plaintiff, and without objection having been made by her, the improvement and possession of defendant extending over some five years. This notice might be sufficient to prevent a recovery in this case under the rule stated in *Gillespie v. Sawyer*, 15 Neb., 529, but as we think the decision of the district court was correct, aside from this consideration, we will not discuss it.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.