## STATE NATIONAL BANK V. NEEL.

Decided March 29, 1890.

1. *Judicial sale—Confirmation—Discretion of court in imposing terms.*

In judicial sales the court is the vendor; and it may, in the exercise of a sound discretion, impose terms upon which the sale shall be confirmed, as that the bid shall be increased to a certain amount.

2. *Judicial sale—Confirmation—Final judgment.*

An order of confirmation of a judicial sale is a final judgment, and the court has no authority to set it aside at a term subsequent to that at which it was rendered.

APPEAL from *Jefferson* Circuit Court in Chancery.

JOHN A. WILLIAMS, Judge.

*N. T. White* for appellants.

The order confirming the sale made March 10, 1887, had become final and passed beyond the control of the court after the lapse of the term at which it was made.    33 Ark., 454; 35 Ark., 123; 23 Ark., 601.

None of the grounds mentioned in sec. 3909, Mansf. Dig., are shown.

In all judicial sales the court is the vendor, and it has the right to reject or confirm the sale.    20 Ark., 652; 23 Ark., 39; 32 Ark., 391; 49 Ark., 67; Rorer, Jud. Sales (2d ed.), secs. 28, 106, and note 3.    The order was final and could have been appealed from.    23 Ark., 39; 20 Ark., 652; Rorer, Jud. Sales, secs. 113 and 121 and notes, But after the lapse of the term it became final, and passed beyond the control of the court.

*M. L. Bell* for appellee.

1.    The order of the 10th of March, 1887, was not such a final order as that an appeal would lie.    It was merely an interlocutory order upon Neel, who was not a party to the suit.    A receiver is an officer of the court, and sales by him are subject to the approval of the court, and it has complete jurisdiction over the matter.    20 Ark., 652; 23 Ark., 39; 32 Ark., 391.    The court sold the mules to Neel, and if at any time the court ascertained it had made a mistake, or done an injustice, it certainly had power to correct the mistake. 20 Ark., 662; 2 Dan., Chy. Pr., 1465-1467.    See also 3 Paige, 100; 13 Wend., 224; 3 Johns., Chy. 425.

HUGHES, J.    In the suit of appellants, attaching creditors of C. M. Neel, John M. Clayton was appointed receiver and was ordered by the court to sell part of the property that came to his hands; and on the 14th of February, 1887, the receiver filed his report of the sale.    Exceptions were filed to his report of the sale of eighty-two mules, purchased by C. M. Neel, Jr., by the creditors, who alleged that the price at

which they were bid off was inadequate, being an average of $63.72 per head, and they offered, if a re-sale should be ordered, to make them bring $90.00 per head. The court ordered that, unless C. M. Neel, Jr., would pay the sum of twenty dollars per head more than his bid for the mules, the sale should be set aside, and a re-sale ordered, but that, if he would accept the terms proposed and give his note for the increased price, the sale should be confirmed. Neel accepted the terms and gave his note accordingly. This was at the March term (10th day of March), 1887, of the Jefferson circuit court. At the same term of court on the 17th of June, 1887, C. M. Neel, Jr., filed his petition to be relieved of the sixteen hundred and forty dollars, the increased price of the mules as fixed by the court. On the 13th of July, 1887, after the attachments of appellants had been sustained, the court ordered the receiver to disburse the funds amongst the various creditors. At the September term of the court in 1887, on the 10th day of January, 1888, the court appointed the receiver and two other persons a committee to ascertain and report to the court the value of the eighty-two mules purchased by C. M. Neel, Jr., and the reasonableness of the bid therefor. The receiver reported that the mules were worth from eighty to one hundred dollars, and one of the other committeemen reported that the first sale was a fair one, and that the price bid for the mules was reasonable. The other committeeman did not report. On the 24th of February, 1888, the court made an order revoking the order of the 10th of March, 1887, and relieved the said C. M. Neel, Jr., from the payment of the sixteen hundred and forty dollars, the amount of the increase in the price of the mules over his bid for the same. An appeal was taken from this last order. Had the court the power to make this order, setting aside the order of confirmation of the sale, after the lapse of the term at which the confirmation was made? Was the order of confirmation a final judgment, from which an appeal would lie?

In judicial sales the court is the vendor, and it may con- firm or refuse to confirm a sale made under its order, in the exercise of a sound judicial discretion. *Penn v. Tolleson*, 20 Ark., 661; *Sessions v. Peay*, 23 Ark., 39; *Thomason et al. v. Craighead et al.*, 32 Ark., 391; *Morrow v. McGregor*, 49 Ark., 67; Rorer on Judicial Sales, secs. 124, 126, 128, 394, 395, 396. It was within the discretion of the court to refuse to confirm the sale as originally made to C. M. Neel, Jr., and to confirm it upon his acceptance of the terms of the court's order, that it would be confirmed upon his agreeing to pay twenty dollars in addition to his bid on the average price of the eighty-two mules. When Neel had done this, the sale was confirmed, and he became liable to the attaching creditors of C. M. Neel, Sr., for the sixteen hundred and forty dollars. C. M. Neel, Jr., became a party to the controversy only by becoming the accepted bidder at the sale.

The confirmation of the sale vested in him the title to the mules and determined all questions as to the sale and was a final adjudication and judgment as to its regularity, reasonableness, etc., and left nothing further to be considered or done in regard to it. It was a final order upon this branch of the case from which an appeal could be taken. *Sessions v. Peay*, 23 Ark., 39; *Penn v. Tolleson*, 20 Ark., 652; Rorer on Judicial Sales, secs. 24, 25, 132; 2 Kan., 160; *Williams v. Field*, 60 Am. Dec., 427 and cases cited in note. It cannot be assumed that there was any fraud by which the confirmation of the sale was procured, or any mistake in making the order of confirmation, for which the same should have been set aside; nor did the purchaser bring his application to vacate the order of confirmation within any of the provisions of sec. 3909 of Mansfield's Digest. When the term of the court, at which the order of confirmation of the sale was made, lapsed, the order became final, and the court had no power to set it aside at a subsequent term. *Turner v.*

*Vaughan*, 33 Ark., 454; 26 Ark., 94; *Leigh v. Armor*, 35 Ark., 123; *State v. Shall*, 23 Ark., 601.

Wherefore the judgment of the Jefferson circuit court setting aside the order of the 10th of March, 1887, and releasing C. M. Neel, Jr., from his agreement to pay sixteen hundred and forty dollars, which he agreed to pay in addition to his first bid for the eighty-two mules sold by John M. Clayton as receiver, was erroneous and is reversed, and this cause is remanded for further proceedings in this behalf.