S. H. WATSON v. JOHN TROMBLE.

[FILED NOVEMBER 18, 1891.]

Judicial Sales: ERRORS CURED BY CONFIRMATION.   An order
confirming a sale of real estate by a court having jurisdiction of
the parties and subject-matter, in the absence of fraud, cures all
defects and irregularities in the appraisement and is conclusive
upon all the parties to the suit and those claiming under them,
until reversed or set aside.

ERROR to the district court for Cass county.   Tried
below before CHAPMAN, J.

*Byron Clark*, for plaintiff in error.

*W. L. Browne*, and *E. H. Wooley*, contra.

NORVAL, J.

The plaintiff in error was plaintiff in the court below.
A general demurrer was sustained to the petition, and the
action dismissed.   The petition contained two counts.

As a first cause of action it is alleged, in effect, that the
plaintiff, on and prior to May 1, 1888, was the owner of
the east half of the northwest quarter and the north half
of the southwest quarter of section 35, township 10 north,
of range 12, in Cass county;   that on said date, in a suit
pending in the district court of said county, wherein Deere,

Wells & Co. were plaintiffs, and the plaintiff herein and one John W. Clarke were defendants, a decree was entered foreclosing two mortgages on said real estate, one in favor of Deere, Wells & Co. for $126.50, and the other in favor of said John W. Clarke for $263.70, the decree bearing interest at ten per cent from its date; that an order of sale was subsequently issued, the real estate above described was appraised, advertised, and sold, which sale was duly reported to the court and by it confirmed; that William L. Browne was the purchaser at the sale, but that the defendant John Tromble has since purchased said land and is now the owner thereof; that the officer, in making the appraisement, deducted from the gross appraised value of the land all incumbrances thereon, including the amount of the above liens, for the satisfaction of which the sale was made, that by reason thereof the plaintiff is entitled to recover from the defendant the amount of said liens, with interest thereon, and that the same be decreed a lien upon said real estate.

In the second count it is alleged, in substance, that on the 17th day of March, 1887, but prior to the time plaintiff purchased said real estate, one Rebecca Watson had a dower interest therein, and on said date executed, acknowledged, and delivered her certain mortgage deed, whereby she conveyed to Thomas M. Howard and John W. Clarke, to secure the payment of her four promissory notes, aggregating $500, which said mortgage was duly recorded on the 19th day of March, 1887, and the real estate therein described was sold under the decree of foreclosure mentioned in the first count of the petition; that the sheriff, in appraising said land for the purpose of sale under said decree, deducted as a lien the amount of the above described mortgage, although long prior to such appraisement the plaintiff herein had purchased said real estate subject to said mortgage and had paid the same to said John W. Clarke and Thomas M. Howard, but the release had not at the time of

said appraisement, nor has it yet, been placed upon record to show that said mortgage had been satisfied, so that when said appraisement was made, and from thence to the present time, said mortgage appears as a valid and subsisting lien upon said real estate; that the mortgage and the notes thereby secured have been assigned and delivered to the plaintiff herein.

The plaintiff prays that he be subrogated to the rights of Clarke and Howard in said mortgage, and for a decree of foreclosure and sale.

Plaintiff's causes of action are based upon certain alleged errors in the appraisement and sale of his real estate under a decree of foreclosure. In order to prevent the real estate of a debtor from being sacrificed at judicial sales the legislature has provided for the appraisement of the interest of the debtor therein, and that it shall not be sold at less than two-thirds of its appraised value. In making the appraisement it is the duty of the officer and the appraisers selected by him to deduct from the real value of the lands and tenements to be sold, the amount of all liens and incumbrances existing thereon prior to the lien of the judgment. The interest of the debtor is the difference between the gross value of his property levied upon and the amount of such liens. For the purpose of ascertaining the amount of liens upon the land, it is made the duty of the county clerk, the clerk of the district court, and the county treasurer of the county where the land is situated, upon written application of the sheriff, to certify to him officially the amount and character of all liens existing against the real estate which are prior to the lien of the judgment, to satisfy which the sale is to be had. It is clear that, under the provisions of our statute and the decisions of this court, the appraisers had no authority to treat as liens the amounts due on the mortgages mentioned in the plaintiff's first cause of action, and under which the sale was made. (*Drew v. Kirkham et al.,* 8 Neb., 481.)

It appears from the allegations contained in the second count of the petition that in appraising the property there was deducted as a lien a $500 mortgage which had previously been paid, but had not been satisfied upon the record. It was an apparent lien, and while it was included in the certificate of the county clerk as an incumbrance upon the land, the certificate was not conclusive upon Watson. He could have resisted the confirmation of the sale and shown that the mortgage debt had been paid, and no lien in fact existed. Had such steps been taken, or had he filed exceptions to the report of sale, on the ground the mortgages under which the sale was had were deducted as liens by the appraisers, it would have been the duty of the court to have set aside the appraisement and sale, in case it appeared that the debtor was prejudiced by the deduction as liens of the amounts of these mortgages. The petition contains no allegation as to the gross value of the real estate sold under the decree, what the interest of the debtor therein was appraised at, nor what amount it brought at the sale. For aught that appears in this record the property sold for a sum equal to or more than two-thirds of the gross appraisement. If so, Watson was not in any way prejudiced by the action of the appraisers. (*Drew v. Kirkham, supra.*)

The plaintiff Watson was a party to the foreclosure suit, and should have urged his objections to the appraisement before the confirmation of sale. No excuse is given for his not having done so, nor is there any charge of fraud or collusion. No fraud being alleged, it must be held that the order of confirmation cured all defects and errors in the appraisement and sale, and that the purchaser acquired all the title of the judgment debtor in the property. (*Neligh v. Keene,* 16 Neb., 407; *Wilcox v. Raben,* 24 Id., 368.) It follows that no cause of action is stated in either count of the petition, and the demurrer was rightly sustained. The judgment is

AFFIRMED.

THE other judges concur.