(83 N. W. Rep. 224.)

---

DAKOTA INVESTMENT COMPANY, *et al vs.* TIMOTHY SULLIVAN.

Opinion filed May 22, 1900.

**Order Confirming Execution Sale Appealable.**

> An order of court confirming an execution sale of real estate is a final, appealable order.

**Order Confirming Sale Cannot be Assailed by Motion.**

> Such order is in the nature of an adjudication, and cures all defects and irregularities in the proceedings, and cannot subsequently be attacked by motion in the case to set the same aside by reason of such defects and irregularities.

Appeal from District Court, Walsh County; *Sauter,* J.

Action by the Dakota Investment Company and others against Timothy Sullivan and others. Judgment for plaintiffs. After sale on execution, J. W. Boeing moved to set aside the sale. W. J.

Hewitt, who held the record title to a portion of the land sold, appealed from an order setting it aside.

Reversed.

*DePuy & DePuy,* for appellant.

*Gray & McMurchie,* for respondents.

BARTHOLOMEW, C. J. On the 29th day of January, 1897, an execution was duly issued by the clerk of the District Court of Walsh county upon a judgment theretofore duly and regularly entered in said court in favor of the Dakota Investment Company and against Timothy Sullivan. The judgment was dated October 25, 1889. Such proceedings were had under the execution that on March 15, 1897, the sheriff of said county sold certain real estate in said county that belonged to said Sullivan at the time of the entry of judgment, and upon which the judgment was a lien. The property consisted of four town lots,—two adjoining lots in one block, and two adjoining lots in another block. The lots in each block were sold to different purchasers. On the 16th day of March, 1897, the sale was duly confirmed. There is no claim made that there was any fraud used in obtaining this confirmation, or that there was any accident or surprise upon the part of any interested party. On July 8, 1899 (being more than two years after the order confirming the sale was entered), one J. W. Boeing, who had become interested in a portion of the land sold, as assignee of the sheriff's certificate of sale, gave notice of a motion to set aside the said sheriff's sale, and to cancel and annul the satisfaction of judgment theretofore entered, and to have the lien of the judgment re-established and another sale ordered. This notice was served upon the parties to the original action, the purchasers at the sheriff's sale and one William J. Hewitt, who held the record title to a portion of the land through conveyances from Sullivan. Hewitt alone appeared and opposed the motion. The relief asked in the motion was in part granted, and Hewitt appeals.

The first error assigned reads, "The court erred in entertaining a motion on the part of respondent to vacate the sale." We shall rule the case upon this assignment. We first consider the grounds upon which the motion was based, and in doing so we must look at the grounds set forth in a prior motion made by Hewitt, as they are referred to and made the basis in part for this motion. When the judgment was rendered, section 5111, Comp. Laws, was in force, under which an execution could not issue upon a judgment after five years from its rendition, without leave of court; and this could be had only upon a showing that the judgment, or some portion thereof, remained unpaid. In other words, the law raised a disputable presumption of payment after five years. No leave of court was obtained in this case, although the execution was not issued until seven years after the rendition of judgment. This is urged as ground for setting aside the sale. But section 5111, Comp. Laws,

was omitted from the Revised Codes of 1895, and at the time the execution was issued there was no limit thereon, save the life of the judgment. True, the five years from the rendition of the judgment had expired before section 5111, Comp. Laws, was repealed; but a disputable presumption is a mere matter or rule of evidence, in which a party can have no vested right, and which may be changed at the will of the legislature. The rule having been swept away, no leave of court was necessary when the writ issued. But, if necessary, its omission was an irregularity only, and did not render the sale void. In 8 Enc. Pl. & Prac. 360, it is said, "An execution issued after the lapse of more than a year and a day after judgment, without revival by *scire facias*, or after the lapse of the statutory period, without taking the steps prescribed by statute, is voidable merely, and not void, and all acts done under it before it is set aside are valid." An immense array of cases is cited in the notes to support the text.

The other objections to the sale relate to the time for which the property was advertised, and the sale of two lots for a lump sum; that is to say, irregularities on the part of the officer conducting the sale. In this state, execution sales of real estate must be confirmed by the court whence the execution issued. Section 5539, Rev. Codes. As already stated, the sale was duly confirmed in this case, and this attack is made nearly two years after confirmation. In 12 Am. & Eng. Enc. L. 219, it is said: "In confirming the sale, the court decides on its legality; and this adjudication supplies all defects in the proceedings, except in case of fraud or lack of jurisdiction." In Kleber, Void Jud. & Ex. Sales, 387, it is said: "Where execution sales are required by statute to be confirmed, the same rule then applies to them as is applicable to judicial sales, namely, that in the absence of fraud the order of confirmation cures all defects and irregularities in the sale, and the purchaser acquires all the title of the judgment debtor. Objections to the sale for errors and irregularities not of a jurisdictional nature must be urged before confirmation, or else they are too late." In *Brown* v. *Gilmor's Ex'rs*, 8 Md. 322, the sale was attacked by motion after confirmation, or, as it is there termed, "ratification." After disposing of certain objections relating to the transfer of the case from one court to another, the court said: "Unless, therefore, there was some other cause which prevented the purchaser from making his objections to the ratification of the sale within the time limited by the order *nisi*, such as misrepresentation, surprise, or fraud on the part of the trustees or other parties interested, the ratification by the Superior Court of Baltimore must be regarded as final and conclusive." In Freeman on Executions (section 311) it is said: "Such objections to a sale as can be asserted in that manner ought to be made by opposition to its confirmation; for, if not made thus, or if made thus and overruled, the order of confirmation seems to have the

force of a judgment, and to estop the parties from any collateral assertion of the alleged irregularities." In *Kincaid* v. *Tutt*, 88 Ky. 396, 11 S. W. Rep. 299, the court said: "So, the judgment of confirmation being distinct from the judgment on the cause of action, and final, it follows that it cannot be vacated after the term of court at which it was rendered." *Watson* v. *Tromble*, 33 Neb. 450, 50 N. W. Rep. 331, was an action in equity to set aside a sale by reason of irregulatities in the appraisement. The court said: ":The plaintiff, Watson, was a party to the foreclosure suit, and should have urged his objections to the appraisement before the confirmation of sale. No excuse is given for his not having done so, nor is there any charge of fraud or collusion. No fraud being alleged, it must be held that the order of confirmation cured all defects and errors in the appraisement and sale, and that the purchaser acquired all the title of the judgment debtor in the property,"—citing *Neligh* v. *Keene*, 16 Neb. 407, 20 N. W. Rep. 277, and *Wilcox* v. *Ruben*, 24 Neb. 368, 38 N. W. Rep. 844. And see, also, *Hotchkiss* v. *Cutting*, 14 Minn. 537 (Gil. 408); *Real Estate Co.* v. *Hendrix*, 28 Ore. 485, 42 Pac. Rep. 514; *McRae* v. *Daviner*, 8 Ore. 63; *Dawson* v. *Litsey*, 10 Bush, 408; *Crawford* v. *Tuller*, 35 Mich. 57; *Bank* v. *Peter*, 13 Bush, 591; *Thomas* v. *Davidson*, 76 Va. 338; *Bank* v. *Neel*, 53 Ark. 110, 13 S. W. Rep. 700.

The order of confirmation, being a final order made upon summary application in an action after judgment, affecting a substantial right, is appealable, under the express provisions of section 5626, Rev. Codes, and such an order has been held a final, appealable order. *Bank* v. *Neel*, supra; *Hammond* v. *Cailleaud*, 111 Cal. 206, 43 Pac. Rep. 607; *Yerby* v. *Hill*, 16 Tex. 377; *Hirshfield* v. *Davis*, 43 Tex. 155. If respondent was in any manner aggrieved by the order of confirmation, his remedy was by an appeal therefrom. Having failed to appeal, he is forever precluded from attacking the judgment of confirmation on the ground of irregularities. This application was made by one not a party to the action. We have assumed that he could attend the sale in a proper manner, but must not be understood as so deciding. The court was without authority to entertain the motion on the grounds alleged, and the order from which the appeal is taken must be reversed. All concur.