AMY M. PAULE, APPELLANT, v. MARY M. SCOFIELD, APPELLEE.

FILED NOVEMBER 21, 1907.   No. 14,971.

Mortgages: FORECLOSURE: SALE: CONFIRMATION.   An order confirming the sale of real estate by a court having jurisdiction of the parties and subject matter, in the absence of fraud, cures all defects and irregularities in the appraisement, and is conclusive upon all the parties to the suit and those claiming under them, until reversed or set aside.

APPEAL from the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*Allen G. Fisher,* for appellant.

*Albert W. Crites* and *E. M. Slattery, contra.*

DUFFIE, C.

In October, 1887, William E. Baker, the owner of the southwest quarter of section 14, township 31 north, of range 51 west, in Dawes county, Nebraska, executed two mortgages thereon, both running to the American Investment Company. The first mortgage, made to secure a loan, was transferred to Benjamin Wheeler, the investment company retaining the second mortgage, given for commission on the loan, and foreclosing the same in the year 1891. The service in this foreclosure proceeding was by publication, and the decree gave a lien upon the land subject to the first mortgage. May 8, 1891, the decree was set aside and defendants allowed to defend. In December, 1891, a second decree was entered, but through some mistake or oversight was not journalized at the time nor until June, 1902, when a decree *nunc pro tunc* was journalized.

Soon after the second decree was pronounced, an order of sale was issued under the first decree, which, as already stated, had been set aside, and an appraisement, sale, confirmation and deed made thereunder to the investment company. The title obtained by this deed was conveyed to Wheeler, the holder of the first mortgage, and by him to Mary M. Scofield, and to clear and perfect the record Wheeler executed a release of his first mortgage. Mrs. Scofield took immediate possession of the land and has since continued in possession. Baker's original title, through sundry mesne conveyances, came to one Eugene Paule, the husband of appellant, who brought an action in ejectment against Mrs. Scofield. Pending this action, the court entered the *nunc pro tunc* decree of foreclosure above referred to, and another appraisement and sale was had thereunder, Mrs. Scofield becoming the purchaser. At this sale a surplus of $78.56 was reported by the sheriff and paid into the court, and this sum was claimed by C. C. Thomas, Paule's assignee, and was taken out and receipted for by their attorney in that action. Thereafter Thomas assigned to the plaintiff and appellant all right of action by him held against the defendant for any remainder of the surplus due him and arising from the sale of said mortgaged premises, and she brought this action, alleging that there was a further surplus due Thomas and belonging to her under said assignment, amounting to more than $500. This claim is made upon the theory that the old appraisement should govern the sheriff in making his sale under the *nunc pro tunc* decree, and that the surplus should be computed with reference thereto, rather than with reference to the new appraisement under which the sale was actually made. The old appraisement, which was made subject to taxes and first mortgage, showed the value of defendant's interest in the land to be $165.28, while the new one, under which the sale was made and under which the plaintiff waived all liens, showed the value of such interest to be $200. A further claim is made that Wheeler, having released the first mortgage, the

amount thereof, viz., $200, should be added to the value of defendant's interest under the first appraisement. From a judgment dismissing her petition, plaintiff has appealed. The record shows that Thomas and appellee both appeared when the court confirmed the last sale and fixed the amount of the surplus at $78.56, and directed that it be paid over to Thomas or his attorney.

We regard the order confirming the sale and awarding a surplus of $78.56 to Thomas as a final adjudication of the amount of the surplus arising from the sale under the decree, which cannot be questioned in a collateral proceeding. It is evident that plaintiff, claiming through Thomas, has no greater rights than were held by him when he assigned to her. Thomas, appearing at the confirmation, accepted the benefit of the order awarding the surplus. There is no showing that he then labored under any misapprehension of his rights or that he was not fully aware of all the proceedings had in the case. In *Watson v. Tromble,* 33 Neb. 450, it is said: "An order confirming a sale of real estate by a court having jurisdiction of the parties and subject matter, in the absence of fraud, cures all defects and irregularities in the appraisement and is conclusive upon all the parties to the suit and those claiming under them, until reversed or set aside." This we think conclusive of the case and of the plaintiff's right to question the appraisement under which the sale was made. Aside from this, the claim of the plaintiff, that the appraisement should have been made and the surplus adjusted upon the theory that the first mortgage had been canceled, is without equity. Wheeler, who took title under the first invalid sale, conveyed his supposed title to the defendant, and, that the first mortgage which he then held might not cloud her title, he executed a release thereof. This release was made in the interest of the defendant. Whatever equitable right there was which could be grounded upon the first mortgage inures to the benefit of the defendant, and not to the plaintiff or any one with whom she was in privity.

We are satisfied that the judgment of the district court was right, and recommend its affirmance.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.