CHARLES P. BRESEE, APPELLEE, v. ROSE EVER ORMSBY, APPELLANT.

FILED MAY 13, 1912.   No. 16,710.

1. Appeal: OBJECTIONS TO PROCEDURE. When a cause involving equitable principles is appealed to the supreme court, the appeal based upon the merits of the whole case, all objections to the procedure on appeal should be made and presented by motion or otherwise, and not withheld until the filing of the briefs on final submission.

2. Mortgages: FORECLOSURE: SALE: EFFECT OF CONFIRMATION. In the absence of fraud, the confirmation of a sale made by a sheriff upon a foreclosure of a mortgage cures all defects in the proceedings of the sheriff thereunder subsequent to his receipt of the order of sale.

3. ———: ———: ———: ———. A husband, named George Mead, was made a party to a foreclosure suit. His wife was also named as "Mrs. Mead, his wife, first name unknown." Neither appeared, and a default was duly entered against them and decree of foreclosure rendered, the husband being, upon sale and confirmation, divested of any title he may have had. After confirmation of the sheriff's sale, a deed was made to the purchaser, who took possession, exercising acts of ownership and paying taxes. A short time before the commencement of this suit, the plaintiff, for a nominal consideration, obtained a quitclaim deed from Mead and wife, and brought this suit to quiet his title, basing his claim upon the inchoate right of dower of Mead's wife. *Held*, That this suit could not be maintained.

APPEAL from the district court for Cherry county: WILLIAM H. WESTOVER, JUDGE. *Reversed with directions.*

*William C. Brown,* for appellant.

*Andrew M. Morrissey, Allen G. Fisher* and *William P. Rooney,* contra.

REESE, C. J.

This action was commenced in the district court for Cherry county September 11, 1908, in ejectment. It is alleged in the petition that on or about January 1, 1902, defendant unlawfully entered the premises, and has ever since held and enjoyed the rents and profits thereof, etc. A judgment for possession and damages was demanded. To this petition defendant, on September 30, filed her answer in general denial. On November 24 plaintiff filed his amended petition, by which he changed his action to one to quiet title, alleging the ownership and possession of the real estate, which is described as the south half of the northwest quarter of section 22, and the south half of the northeast quarter of section 21, in township 35 north, range 29 west of the sixth principal meridian, in Cherry county; that defendant claims to be the owner of the land in her own right; that her claim is founded on a purported mortgage for the sum of $250 dated February 15, 1893, but the execution of which is denied; that a cause of action on said purported mortgage arose, if ever, not later than June 4, 1893; that no action thereon was commenced at any earlier date than June 4, 1903, and that the mortgage was barred by limitation. It is alleged that on March 21, 1901, and a long time prior thereto and afterward, Sarepta L. Mead had an inchoate dower right as the wife of George Mead, owner of the title of record; that she was never made a party to any foreclosure suit, nor appeared therein, and that all proceedings against her were void for want of jurisdiction. The plaintiff offers to do equity by the payment of any sum of money the court

may find due defendant. The petition contains an obscured averment that the mortgage, sparingly referred to above, was foreclosed, a decree of foreclosure entered, but for more than the amount due, and that by various defects in the proceedings the foreclosure, including the sheriff's sale and conveyance to defendant, was void. The prayer is that plaintiff's title be quieted.

An answer to the amended petition was filed consisting of various denials and admissions which took issue with the averments of the amended petition. It is admitted that the inception and foundation of defendant's ownership of the land in dispute was the mortgage and its foreclosure referred to in the amended petition. The assignment of the mortgage and debt to her, the foreclosure, sale, confirmation, and conveyance by the sheriff under the order of sale are alleged, and that therefore her title is complete. The reply is a general denial.

A trial was had to the court, which resulted in a finding and decree in favor of plaintiff, canceling defendant's deeds and record of the foreclosure, quieting plaintiff's title, and enjoining defendant from interfering with plaintiff's possession. Defendant appeals.

A number of objections are made to the procedure taken by defendant on this appeal, extending from the settlement of the bill of exceptions by the district judge to the final presentation of the case here, but as none of them were raised by motion or otherwise, and are suggested for the first time in the briefs, they will not be noticed, and, as nearly as this record will permit, the case will be disposed of on its merits.

The notes and mortgage upon which the foreclosure proceedings were had bear date of February 15, 1893, and by their terms matured on the 1st day of December, 1897, the interest, at the rate of 7 per cent., being payable semiannually on the first days of June and December of each year. Default being made by the mortgagor in the payment of both interest and taxes, the defendant, assignee of the notes and mortgage, brought suit to foreclose the

29

mortgage, her petition and affidavit of the nonresidence of the defendants being filed March 21, 1901. The proceedings to obtain jurisdiction seem to have been regularly taken. A decree of foreclosure was entered ordering the land to be sold. The sheriff made the sale and submitted his report to the court, when the sale was confirmed and deed ordered. Objection is made to the order of confirmation on the ground that the sheriff did not give sufficient notice of the sale. With this question we have nothing to do in this collateral proceeding, as the order confirming the sale cured all defects and irregularities in the proceedings under the order of sale, if any existed. *Phillips v. Dawley*, 1 Neb. 320; *McKeighan v. Hopkins*, 14 Neb. 361; *Neligh v. Keene*, 16 Neb. 407; *O'Brien v. Gaslin*, 20 Neb. 347; *Wilcox v. Raben*, 24 Neb. 368; *Watson v. Tromble*, 33 Neb. 450; and many other cases which might be cited. We therefore treat the foreclosure proceedings as valid as against all parties to that action.

Plaintiff's alleged right is founded on a conveyance of the land in question to him from George Mead and Sarepta L. Mead, dated April 29, 1908, for the expressed consideration of one dollar and other valuable consideration. We are unable to find in the record any proof of what right or title the grantors ever had in the land, whether a title either legal or equitable, or a lien, by mortgage or otherwise. In the petition for the foreclosure of defendant's mortgage it was alleged that "the defendants, George Mead and Mrs. Mead, his wife, first name unknown, * * * have or claim to have some interest in, or claim upon, said mortgaged premises, but such interest or claim, if any they have, is junior and subject to the claim of plaintiff." In the affidavit of nonresidence the names of "George Mead, and Mrs. Mead, his wife, first name unknown," are referred to as defendants, and in the published notice they are notified in the same way. It is shown in the decree of foreclosure that the court found that due and legal notice of the filing and pendency of the

action had been given them, and upon "being three times solemnly called in open court," and still failing to answer, demur or otherwise plead, a default was entered against them, with the resulting decree of foreclosure. This, with the subsequent proceedings, presumptively ex- tinguished the right of George Mead, whatever that right might have been. We do not find it necessary to decide as to what effect it had upon the rights of his wife. If we assume that it had none, and we further assume that George Mead, her husband, had the legal title to the land prior to the foreclosure, and his wife, as alleged in the amended petition, "owned and had in said real estate an inchoate dower right, as the wife of George Mead, owner of the title of record, and in fact," this would not confer on her, or any one to whom she might assign that inchoate right during the life of her husband, any title, and therefore neither she nor her assignee could maintain this action. However, the evidence leaves us in the dark as to what interest Mead ever had in the land. The confirmation of the sheriff's sale under the foreclosure was entered on the 4th day of October, 1901, and the sheriff's deed was made on the 24th of the same month and recorded the 4th of November of the same year. Since that time defendant has paid the taxes, and has, at times at least, exercised ownership over the land, being, as alleged in the original petition, in the possession of the property.

We have given this record as careful study and examination as we could, and are unable to find any equity in favor of plaintiff.

The decree of the district court is therefore reversed and the cause remanded to that court, with directions to vacate the decree in favor of plaintiff, and to enter a decree dismissing the action at his costs.

REVERSED.

LETTON, J., not sitting.