**FARM CREDIT BANK OF ST. PAUL,**
**a body corporate, Plaintiff and**
**Appellee,**

v.

**Duane E. RUB, Defendant**
**and Appellant,**

**Marlys M. Rub; United States of America, acting through the Farmers Home Administration, United States Department of Agriculture; Nodak Ranch & Home Supply of Lemmon, South Dakota; and Harry Swendsen, d/b/a Hettinger Auto Co., Defendants.**

**Civ. Nos. 910252, 910299.**

Supreme Court of North Dakota.

Dec. 9, 1991.

Sean O. Smith (argued), of Tschider & Smith, Bismarck, for plaintiff and appellee.

Duane E. Rub, pro se. No appearance.

LEVINE, Justice.

Duane E. Rub appeals from "a notice of a Special Execution Sale" and from "the sale of [his] Real Estate property" on August 19, 1991. We retain jurisdiction of the appeal pursuant to Rule 35(b), N.D.R.App. P., but remand to the district court for consideration of the appropriateness of entering an order confirming the sheriff's sale.

On July 1, 1991, Farm Credit Bank of St. Paul obtained a foreclosure judgment against Rub in the district court for Adams County. On July 15, 1991, the clerk of the district court issued a writ of special execution to the Adams County Sheriff and after publication of a notice of special execution sale, the sheriff conducted a special execu-

tion sale on August 19, 1991. However, Rub filed notices of appeal from the notice of special execution sale and from the sheriff's sale before the district court entered an order confirming the sale. According to counsel for Farm Credit Bank, the district court thereafter refused to sign an order of confirmation because it concluded that it no longer had jurisdiction.

■ A court order confirming an execution sale is an appealable order under Section 28–27–02(2), N.D.C.C. *Dakota Inv. Co. et al. v. Sullivan,* 9 N.D. 303, 83 N.W. 233 (1900). *See Matter of Estate of Hansen,* 458 N.W.2d 264 (N.D.1990); *Geigle v. Geigle,* 261 N.W.2d 399 (N.D.1977). Rub did not appeal from a court order confirming the sale and his attempted appeal is not otherwise authorized under Section 28–27–02, N.D.C.C. Judicial economy dictates that we remand to the district court for the limited purpose of allowing the court to consider the appropriateness of entering an order confirming the sheriff's sale and that we retain jurisdiction of this appeal pursuant to Rule 35(b), N.D.R.App.P. *Cf. United Hospital v. D'Annunzio,* 462 N.W.2d 652 (N.D.1990) [remand for purpose of allowing the trial court to consider the appropriateness of making a Rule 54(b) certification]. We do this because Rub has also separately appealed from the foreclosure judgment (Supreme Court Nos. 910227 and 910229) and we have scheduled oral argument for that appeal in January 1992. We will then have before us all of the issues Rub raises in these two separate appeals.

We remand with instructions.

ERICKSTAD, C.J., MESCHKE and VANDE WALLE, JJ., and VERNON R. PEDERSON, Surrogate Judge.

VERNON R. PEDERSON, Surrogate Judge, sitting due to the resignation of GIERKE, J.