## COOLEY v. WILSON.

1. **Judicial Sale:** IRREGULARITIES: INNOCENT PURCHASER. The purchaser at judicial sale is authorized to assume the regularity of the judgment and levy, and irregularities in other respects will not, in the absence of fraud, affect the title acquired by an innocent purchaser.

2. ———: NOTICE: EQUITY. The judgment creditor who purchases is protected against defects of which he had no notice at law, and in equity unless the case presents equities preventing the application of the principle.

3. ———: ———: ATTORNEY. The attorney of the judgment creditor, who purchases in good faith for himself, is likewise protected.

4. ———: ERROR IN DESCRIPTION: LACHES: PRACTICE. Where the execution defendant is aware before the sale of a mistake in the description of his property levied on, is present at the sale and knows that the sheriff is actually selling his property, his remedy is by motion to set aside the sale, and he cannot be heard to complain if silent until the deed is made and the title claimed thereunder. .

*Appeal from Winneshiek District Court.*

WEDNESDAY, MARCH 22.

ON the 20th day of February, 1873, three general executions were issued on judgments of the Winneshiek District

Court, against the defendant, S. O. Wilson. E. E. Cooley, the plaintiff in this action, was attorney for the plaintiffs in execution, and caused the executions to issue, and gave the sheriff directions to levy on the defendant's store and lot.

The sheriff's returns show that on the same day the executions were received by him he levied on the west 22 feet of lots 1 and 4, in block 11, in Decorah, and after reciting the giving of notice, the returns state that he "exposed to sale at public auction the property aforesaid, and then and there sold the property described as *commencing at the N. W. corner of block* 11, *in Decorah, and running thence E*. 22 *feet, thence S*. 114 *feet, thence W*. 22 *feet, thence N*. 114 *feet to the place of beginning,* to E. E. Cooley."

The first above description, being the one which recites the levy, is the correct description of defendant's store and lot, and the last is erroneous; describing land not owned by the defendant, some distance from his store and lot, and owned by another person. In the notice of levy and sale served on the defendant, in the printed notices of sale, the certificates of sale, and in the record of the return of execution in the "sale book," the property is erroneously described as in the last above description.

The sheriff's sales were held on the 24th day of May, 1873, and the plaintiff herein was the purchaser. On the 9th day of June, 1874, the period for redemption having expired, the sheriff then in office made deeds to plaintiff, containing correct descriptions of the property.

The plaintiff commenced this action, claiming the legal title and right of possession of the property described in his deeds, and the defendant answers setting up that no levy, advertisement or sale of said property was ever had under said executions, that no notice of levy and sale was given to him, and that the sheriff's deeds were fraudulently procured from the sheriff, and asking that they be set aside, and the title to the property be quieted in him.

There was trial to the court; decree for defendant, declaring said deeds void, and quieting title in defendant, and plaintiff appeals.

*E. E. Cooley*, for appellant.

Advertisement and notice to defendant are not essential to a valid sale. (Rev. § 3312.) The statute requiring advertisement and notice being directory, in the absence of fraud, a failure in any of the particulars will not vitiate the sale. (*Cavender v. Smith*, 1 Iowa, 306.) The judgment creditor, purchasing at judicial sale, must be protected against infirmities of which he had no notice; any equities relied on to prevent the application of this rule must be alleged and proved. (*Evans v. McGlasson*, 18 Iowa, 150; *Hallaway v. Plattner,* 20 Id., 121; *Gower v. Doheney*, 33 Id., 36.) The purchaser at judicial sale relies upon the judgment, levy and deed; these being correct, an innocent purchaser should not be affected by other irregularities. (*Shaffer v. Bolander*, 4 G. Greene, 201; *Wheaton v. Sexton*, 4 Wheat., 503.) Defendant having an adequate remedy at law, equity will not grant him relief. (1 Story's Eq. Jur., §§ 33, 89; *Fejervary v. Langer*, 9 Iowa, 159.) Having permitted plaintiff to purchase in ignorance of irregularities of which he was himself advised, he is estopped to dispute the validity of the sale and deed. (*Lucas v. Hart*, 5 Iowa, 415; *Newman v. Samuels*, 17 Id., 528; *Foster v. Bigelow*, 24 Id., 379.)

*L. Bullis*, for appellee.

ROTHROCK, J. — I. The evidence in this case satisfactorily establishes the following state of facts: The defendant, Wilson, was the owner of the property described in the sheriff's return of the levy and in the deeds. The sheriff intended to, and did in fact, sell the property of the defendant, though by an erroneous description. The defendant knew that the sale was on executions directed against his property, and he says in his testimony, *I was close by so I could hear the sale*, and the sheriff announced at the sale, on inquiry being made, that he was selling defendant's store and lot. The plaintiff, although attorney for the execution creditors, was ignorant of the erroneous description, and did not ascertain the mistake until after

the year for redemption had expired. The defendant knew before the sale that the notice served on him, and as published in the newspaper, did not describe his property. There was no collusion between the plaintiff and the sheriff, and no fraud on plaintiff's part. The record shows that he paid the purchase money to the sheriff.

Under this state of facts, can the defendant maintain this equitable defense in the nature of a cross-petition in equity to set aside the sheriff's deeds? We are of opinion that he cannot. The failure to advertise will not invalidate a sale. Revision, Sec. 3312; Code, Sec. 3081. If the defendant conceived that the notice containing an erroneous description was no notice, he could have had the sale set aside by making application in time. Revision, Sec. 3318; Code, Sec. 3087. The statute requiring notice of the sale to be given is directory, and in the absence of fraud a failure of the officer to follow the statute will not render the sale and deed void. *Cavender v. Heirs of Smith*, 1 Iowa, 306. A purchaser at sheriff's sale has the right to rely upon the judgment, levy, and deed; these being valid an innocent purchaser cannot be affected by other irregularities. *Shaffer v. Bolander*, 4 G. Greene, 201; *Burton v. Emerson*, Id., 393; *Hopping v. Burnham*, 2 G. Greene, 39.

*1. JUDICIAL sale: irregularities: innocent purchaser.*

II. The plaintiff was attorney for the judgment creditors, and a judgment creditor who purchases is protected at law against those things of which he had no notice at the time of purchase; and this rule obtains in equity unless there are equities of so strong and persuasive a nature as to prevent its application; but this, if relied on, must be alleged and proved. *Evans v. McGlasson*, 18 Iowa, 150; *Holloway v. Plattner*, 20 Iowa, 121; *Gower v. Doheney*, 33 Iowa, 36; *Butterfield v. Walsh*, 36 Iowa, 534. The defendant in this case alleges and proves no equities. He shows the irregularities only, and there is no reason why the above rules should not apply when the attorney of the judgment creditor is the purchaser in good faith.

*2. ——: notice: equity.*

*3. ——: ——: ——: attorney.*

III. The defendant is not in a position to urge these irregularities. He was aware of them before the sale; was

present at the sale and made no objection thereto; he knew the sheriff was actually selling his property; he made no motion in the court below to set aside the sale, but delayed until title under the sheriff's deed is asserted, and then merely complains of these irregularities without offering to refund the purchase money. If he desired to correct the record of the proceedings of the sheriff, or to take advantage of the errors complained of, he should have done so by motion in the court to which the executions were returnable.

*4. ——: error in description: practice.*

REVERSED.