## SCHROEDER v. PEHLING.

The return day of an execution under Rev. Code Civ. Proc. § 335, making it returnable 60 days "after its receipt by the officer," is computed from the completion of its issuance by delivery to the officer for service, and not by the date of its preparation by the clerk.

An execution sale is not open to collateral attack after confirmation and a finding by the court that due notice of the sale was given, though during a portion of the period of publication the notice was defective as to the description of the land.

Where respondent's title to land of which he is awarded possession by the trial court is based on sale under an execution issued more than

five years from the entry of judgment, it will be presumed, in support of the action of the court, in the absence of anything to the contrary, that leave was obtained or rendered unnecessary pursuant to Rev. Code Civ. Proc. § 329, providing a manner for obtaining such leave and specifying that it shall not be necessary where timely execution has been issued and returned unsatisfied.

(Opinion filed, July 11, 1906.)

Appeal from Circuit Court, Spink County. Hon. CHARLES S. WHITING, Judge.

Action by Louis Schroeder against Henry Pehling. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

*Sterling & Clarke,* for appellant.

Under a statute like ours, an execution issued after the statutory period, without revivor, and the pretended sale under it, are void, giving no title to the purchaser. Coward v. Christian, 6 Am. St. Rep. 533; Halsey v. VanFliet, 27 Kan. 474; Hanson v. Johnson, 20 Minn. 194; Rollins v. McIntyre, 87 Mo. 496. The execution is 'sued out' by the party, and it must "be established by the oath of the party, or other satisfactory proof, that the judgment or some part thereof remains unsatisfied and due," before leave of court shall be given. Sec. 5111 Comp. Laws. To constitute an issuance of the writ of execution, it must have been actually or constructively delivered to the sheriff. Vol. 8 Ency. Pl. and Pr. p. 433 and notes.

*N. P. Bromley,* for respondent.

Where a purchase has been made under a writ of execution to a stranger to the action courts will not quash it. Freeman on Executions, Sec. 80; Hedges v. Mace, 72 Ill. 472; Moore v. Neil, 39 Ill. 256; Harris v. Lester, 80 Ill. 370; 23 Cal. 226; Winchester v. Winchester, 460. An execution issued on a dormant judgment before revivor is not void and if not set aside a sale under it must be sustained. 102 Ala. 288. No fraud being alleged, it must be held that the order of confirmation cured all defects and errors in the appraisement and sale, and that the purchaser acquired all title of the judgment debtor in the property. Neligh v. Keene, 16 Neb. 407; 4 Neb. 368; Hostskiss v. Cutting, 14 Minn.; Real Estate Co. v. Hendrix, 28 Ore. 485, 42 Pac. 514; Dawson v. Litsey, 10 Bush. 408; Crawford v. Tuller, 35 Mich. 57; Thompson v. Davison, 76

Va. 338; Bank v. Neal, 53 Ark. 110. Irregularities of an officer in a sale under execution issued on a judgment in a case where the court had jurisdiction do no more than make the sale voidable. They must be taken advantage of, if at all, in a direct proceeding. Thus such a sale can not be avoided in a collateral action, because the sheriff failed to give proper notice of sale. Jackson v. Spink, 59 Ill. 409; 28 Ill. 272. The confirmation of a sheriff's sale under execution is a determination of the regularity of the proceeding under the writ, and supplies all defects except those founded on want of jurisdiction. Rorer on Judicial Sales, Sec. 123, 52 Am. St. 800.

FULLER, P. J. The only question pesented on this appeal is the sufficiency of the findings of fact to sustain the conclusions of law and judgment awarding respondent possession of 320 acres of Spink county land of which appellant was formerly the owner. The proceedings leading up to the sheriff's deed, under which respondent claims to be the fee-simple owner of the premises, are shown in substance as follows: The Plano Manufacturing Company, a creditor of appellant, obtained a judgment against him in circuit court on the 3d day of August, 1893, for $544.95, and 60 days later the same was duly entered in the office of the clerk of such court. An execution, prepared by the clerk in due form on the 4th day of December, 1899, was delivered to the sheriff on the 26th day of December, 1901, and upon that date he levied upon the land in controversy, which, after the publication of a notice, was sold in satisfaction of the judgment to the Plano Manufacturing Company on the 14th day of February, 1902, and the writ was thereupon returned as required by statute. Three days later the sale was in all things duly confirmed by the judge of the circuit court. Respondent, having become the assignee of the certificate of sale, surrendered the same at the expiration of the redemption period and received his sheriff's deed, which is in all respects fair upon its face. Upon the theory that, when the execution was issued by the clerk on December 4, 1899, it was issued to the sheriff, although not delivered to that officer until nearly two years later, it is urged that the time within which the same was returnable had expired long before the levy was made; but section 335 of the Revised Code of Civil Procedure expressly provides that "the execu-

tion shall be returnable within sixty days after its receipt by the officer," and it has been held by this court, so far as pertinent to the question here presented, that the issuance of an execution is not completed until the same is delivered to the officer for service. McDonald v. Fuller, Sheriff, 11 S. D. 355, 77 N. W. 581.

Although notice of execution sale was published for the required time in an authorized newspaper, the description of the premises was erroneous, and not properly corrected until half the statutory period had elapsed; but the court having held such notice sufficient when the sale was confirmed, found at the trial that due and legal notice had been given. The objection now urged admits that a notice, though defective, was given, and no intimation is made that the respondent is not entirely free from fault. No attempt was ever made by appellant to set aside the sale or correct the error which he seeks to make available by collateral attack to defeat this action. As the court had jurisdiction of the person and subject-matter and the judgment was in all respects regular, the error in describing the property was not a jurisdictional defect, rendering the acts of the officer absolutely void. An official report of all the proceedings, including the notice of sale, was before the court for adjudication at the time of confirmation, and it was expressly found upon examination that all the acts of the sheriff were regular and in conformity with the statute. Until reversed or set aside in a direct proceeding instituted for that purpose, the confirmation of an execution sale is conclusive as to everything found by the court that is essential to its legality. Watson v. Tromble Neb. 50 N. W. 331, 29 Am. St. Rep. 492; Voorhees v. Bank of United States, 10 Pet. 449, 9 L. Ed. 490; Swiggart v. Harber, 39 Am. Dec. 418; Neligh v. Keene, 16 Neb. 407, 20 N. W. 277; Cooley v. Wilson, 42 Iowa 425; Moore v. Neil, 39 Ill. 256.

It further appears that the execution was issued after the lapse of five years from the entry of judgment; but, in the absence of anything whatever to the contrary, it will be presumed in support of the action of the trial court that leave was obtained or rendered unnecessary, pursuant to section 329 of the Revised Code of Civil Procedure.

Finding no error in the record, the judgment appealed from is affirmed.