## CASEY, Appellant, v. SMITH et al., Respondents.

### (153 N. W. 918.)

(File No. 3595.   Opinion filed August 7, 1915.)

**1. Courts—Equity Jurisdiction—Legal and Equitable Actions— Retention By Equity of Jurisdiction for All Purposes—Parties Defendant Having Legal and Equitable Interests.**

When a court of equity once acquires jurisdiction of a cause for any purpose, it will retain jurisdiction for all purposes and dispose of all issues presented; and the necessity for exercise of equity powers is sufficient to characterize the action as one in equity, and it could not be converted into an action at law merely by joining other parties defendant, against whom a possessory action might lie.  So held of a suit by one claiming ownership in fee of land, to quiet title, against defendants, one of whom was alleged to be wrongfully in possession claiming under a sheriff's deed pursuant to execution sale, the others being mortgage lien claimants out of possession.

**2. Limitation of Actions—Suit to Quiet Title—Adverse Title by Execution Sale and Possession—Defendant Mortgagees—What Statute Applies?**

Where, in a suit to quiet title, plaintiff alleged ownership in fee of the land involved, and right to possession, that defendants claimed adversely and were in actual but wrongful possession, and prayed that defendants' claims be set up, and determined, and that plaintiff be adjudged owner in fee and entitled to possession; defendant claiming adverse title setting up title through execution sale and sheriff's deed, and possession under deed from such grantee; the other defendants setting up mortgage lien claims, all defendants praying quieting of title in them; plaintiff's reply putting in issue regularity of the judgment and sale, and that the debt upon which the judgment was obtained was contracted prior to issuance of

federal patent and therefore, under Sec. 2296, Rev. St. U. S.,
1878, the judgment was not a lien; **held,** that a determination
of these issues calls for exercise of equitable jurisdiction, and
are such as could be determined only in a court of equity
before the reformed procedure; that, being equitable in nature,
the action was barred under Code Civ. Proc., Sec. 66, fixing
a ten-year limitation for actions for relief not thereinbefore
provided for.

3. **Appeals—Appealable Order—Order Confirming Execution Sale—
Recovery of Possession of Land—Necessity of First Vacating
Order.**

An order confirming sheriff's sale under execution, is a final
and appealable order; and before one claiming ownership in fee
of the land so sold could maintain an action at law for posses-
sion, he must first have the order vacated in an action brought
for that purpose.

Appeal from Circuit Court, Butte County. Hon. WILLIAM
G. RICE, Judge.

Action by William P. Casey against Louis D. Smith and
others, to quiet title. From a judgment for defendants, and form
an order denying a new trial, plaintiff appeals. Affirmed.

*Orville Rinehart, Robert Burton,* and *Schrader & Lewis,* for
Appellant.

*A. J. Plowman,* for Respondents.

(2) Under point two of the opinion, Appellant cited: Code
Civ. Proc., Sec. 54; Stearns v. Gittings, 23 Ill. 387; Duck Island
Club v. Bexstead, 174 Ill. 435, 51 N. E. 831; Bennett v. Moore,
18 S. D. 109; 1 Cyc. 1111, subd. H.

Respondents cited: People v. Clark, 9 N. Y. 349; Borts v.
Carey, 15 N. Y. 507; Murray v. Koster, 20 Johns. 576; Humbert
et al. v. Trinity Church, 7 Wend 193; Affirmed, 24 Wend 591;
New York Code of 1848, Sec. 77; Code Civ. Proc., S. D., Sec.
66; Butler v. Johnson, 111 N. Y. 204; Rundle v. Allison, 34 N.
Y. 180; 25 Cyc. 1026, and cases cited in Note 1-2-3 and 4; Hov-
ender v. Lord Annesley, (Eng.) 2 Sch. & Lef. 607; People vs.
Center, (Cal.) 6 Pac. 481; Pillar v. So. Pac. Railroad, 52 Cal.
42-44; Linx v. Haggan, 10 Pac. 676; Zwiggle v. Hohmann,
25 N. Y. S. 111; Chap. 194 Laws 1903, as amended by Chap.
81, Laws 1905, Section 1; Joy v. Midland Bank, 128 N. W.
148 (S. D.); Byrd v. Hall, 211 F. 183-187; Wood v. Conrad,
50 N. W. 903 (S. D.); More v. Steinbach, 127 U. S. 70-85, 32
L. Ed. 51.

POLLEY, J. This action is brought to determine adverse claims to a quarter section of land in Butte county. Plaintiff, through one chain of title, claims to be the owner in fee of the entire tract; defendants Smith, Sandusky, and Barsball, claim to be owners in fee through another chain of title; and Beresford and Sorenson are made defendants because of certain mortgage liens, on various portions of the tract involved, claimed by them. The land was patented under the Homestead laws of the United States. The patentee conveyed the land to one Fargo, by deed dated May 2, 1893, and Fargo quitclaimed to plaintiff on the 11th day of March, 1911. Defendants' title is derived through a sheriff's sale made under an execution issued upon a judgment in favor of one Goldberg and against the said patentee. This judgment was docketed in Butte county on the 7th day of March, 1890. The patent to the land was not issued until April 13, 1891, so that the debt upon which the judgment was entered accrued and existed prior to the issuance of the patent, and it is plaintiff's theory that because of section 2296, Rev. St. U. S. 1878 (U. S. Comp. St. 1913, § 4551), said judgment was not a lien upon, and did not authorize a sale of, the said land. Said section reads as follows:

"No lands acquired under the provisions of this chapter shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor."

Neither Goldberg (the grantee in the sheriff's deed) nor the said Fargo ever occupied or were upon the land, and the same was vacant and unoccupied from about the month of January, 1891, until the 1st day of March, 1901, when the said Goldberg conveyed, by warranty deed to one Sorenson, who went into the actual possession of said land on that date, and he and his grantees (these defendants), except the mortgagees, remained in the actual possession thereof from that date until the commencement of this action, which was on March 30, 1911.

Respondents, among other defenses, pleaded the statute of limitations contained in section 66 of the Code of Civil Procedure, and, if the case is governed by the provisions of that statute, it will dispose of the case, and it will be unnecessary to examine the other defenses.

It will be remembered that Sorenson went into the posses-

sion of the disputed premises on the 1st of March, 1901. At this time, and for several years prior thereto, Fargo was claiming the land under the deed from the patentee. It is not necessary, so far as the statute under consideration is concerned, to inquire just when Fargo's right of action accrued. It certainly existed when Sorenson went into possession of the land, and the full ten years specified by the statute elapsed before the appellant acquired his interest. The only question, then, under this branch of the case is whether this case falls within the class of actions provided for in section 66 of the Code of Civil Procedure; in other words, should this action be denominated as legal or equitable? That the distinction between legal and equitable actions still exists is conceded by both parties; and it is conceded by appellant that, if this is an equitable action, the statute applies, and the action is barred thereby. To determine this question it is necessary to examine the allegations of the complaint and reply of the plaintiff, the answer of the defendants, and the relief demanded by both parties.

[1, 2] In his complaint plaintiff alleges that he is the owner in fee simple of the land in controversy, and is entitled to the possession thereof, and that the defendants claim an estate or interest adverse to plaintiff, and are in the actual possession thereof, and wrongfully withhold the same from plaintiff; and in his prayer he requires all of the defendants to set forth their claim, if any they have, and that the same be determined, that plaintiff be adjudged to be the owner of said premises in fee simple, free from all claims of the defendants, and that plaintiff is entitled to the possession thereof. In their answer defendants set out their claims as required to do by plaintiff and the source from which they derive their title. They set out the Goldberg judgment, the execution sale, and issuance of the sheriff's deed to said Goldberg. They set out the conveyance from Goldberg through the said Sorenson to themselves, the execution of the various mortgages, and pray that title be quieted in them.

To this answer plaintiff interposed a reply, in which he alleged that the said judgment was irregular, null, and void; that it had never been attested and entered, and that it had never become a lien upon said premises; that no sufficient notice of the execution sale had been given, and that the sale had never been

confirmed. He further alleges that the debt upon which said judgment was obtained was contracted prior to the issuance of the patent for the said land, and that for that reason said judgment never became a lien upon said land, and that the same was not liable to sale on execution issued upon said judgment, and could not be subjected to the satisfaction of said judgment or debt.

, These allegations and the relief prayed for by both plaintiff and defendants call for a determination of the regularity and validity of the Goldberg judgment and the proceedings thereunder leading up to the sale and issuance of the sheriff's deed. They also require a determination of the force of said judgment as a lien upon the said land and the effect of the federal statute above set out. A determination of these questions calls for the exercise of equitable jurisdiction. They are such as could be determined only in a court of equity before the reformed procedure.

But there is another issue in this case that is, of a strictly equitable character. Before plaintiff could be "decreed to be the owner in fee simple, free from any claim therein or thereon of the defendants, or either of them," as prayed for in his complaint, it must be decreed that all the claims of the defendants are invalid and of no effect as against the plaintiff. In order that this might be done, plaintiff has made the mortgage lienholders parties to the action. The only relief plaintiff could have against them, and the only relief asked as against them, is that their mortgage be canceled and set aside. The mortgagees are not claimed to be in possession of any portion of the disputed premises, and an action for possession in the nature of an ejectment would not lie as against either of them. Relief against them could be afforded by a court only in the exercise of its chancery powers. The necessity for the exercise of such power is sufficient to characterize the action as an equitable action, and it could not be converted into an action at law merely by joining other parties, against whom a possessory action might lie. The rule is the other way. When a court of equity once acquires jurisdiction of a cause for any purpose, it will retain jurisdiction for all purposes and dispose of all the issues presented. Castle v. Gleason, 150 N. W. 895. Were the question presented to this court for the first time, we would unhesitatingly hold this to be an equitable action. But

the question is not new to this court. In Houts v. Hoyne, 14 S. D. 176, 84 N. W. 773, the distinction between these two classes of actions was recognized, and section 66 held to apply to actions of this character; and in the more recent case of Byrne v. McKeachie, 29 S. D. 476, 137 N. W. 343, this court, in discussing the very question under consideration here, say:

"The very nature and substance of the relief sought, both by the original complaint and answer was only such as could be administered and granted by the court in the exercise of its equity jurisdiction." Mitchell v. Black Eagle Min. Co., 26 S. D. 260, 128 N. W. 159, Ann. Cas. 1913B, 85; Redwater L. & C. Co. v. Jones, 27 S. D. 194, 130 N. W. 85.

This recognizes the right of the defendant as well as the plaintiff to present issues requiring the exercise of chancery powers, and it has been held that the Legislature cannot deprive a litigant of the right to have equitable issues tried according to the established equity practice. Brown v. Circuit Court, 75 Mich. 274, 42 N. W. 827, 5 L. R. A. 226, 13 Am. St. Rep. 438.

[3] Again, it appears from the record in this case that the sheriff's sale, under which respondents are claiming, was confirmed by an order of the circuit court. This is a final and appealable order (Dakota Investment Co. v. Sullivan, 9 N. D. 303, 83 N. W. 233, 81 Am. St. Rep. 584), and, as said by this court in Schroeder v. Pehling, 20 S. D. 642, 108 N. W. 252, 129 Am. St. Rep. 952:

"Until reversed or set aside in a direct proceeding instituted for that purpose, the confirmation of an execution sale is conclusive as to everything found by the court that is essential to its legality"—citing Watson v. Tromble, 33 Neb. 450, 50 N. W. 331, 29 Am. St. Rep. 492; Voorhees v. Bank of United States, 10 Pet. 449, 9 L. Ed. 490; Swiggart v. Harber, 4 Scam. (Ill.) 364, 39 Am. Dec. 418; Neligh v. Keene, 16 Neb. 407, 20 N. W. 277; Cooley v. Wilson, 42 Iowa, 425; Moore v. Neil, 39 Ill. 256, 89 Am. Dec. 303.

Before appellant could maintain an action at law for possession, it would be necessary for him to have this order of confirmation vacated or set aside. This could be done only in an equitable action brought for that purpose, and would be barred unless

brought within the ten-year period specified by section 66, C. C. Pr.

The above rule seems to be fully sustained by the authorities. 16 Cyc. 425; 1 C. J. 1044 et seq. From this it follows that the case is governed by section 66 of the Code of Civil Procedure, and that the action is barred by the ten-year limitation.

The judgment and order appealed from are affirmed.