No. 45,430

TOM HOLDEN, *Appellee*, v. CLYDE O. BYRD, *Appellant*.

(460 P. 2d 559)

Opinion filed November 8, 1969.

*William Wagner*, of WaKeeney, argued the cause, and Ernest J. Deines, of WaKeeney, was with him on the brief for appellant.

*W. R. Hainline*, of WaKeeney, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

FATZER, J.: This appeal involves proceedings in the nature of an action to quiet title to certain personal property, a building and equipment, located on leased premises on the Union Pacific Railroad right of way. The action collaterally attacks a sheriff's sale of the property to satisfy personal property tax judgments against the appellee, Tom Holden, in the district court of Trego County, Kansas.

The facts are not in dispute. The appellee owned a lease on a portion of the Union Pacific Railroad right of way approximately 500 feet west of the city of WaKeeney. A building had been constructed on the site and equipped for processing mud for use in the drilling of oil wells. The business was owned by the appellee and operated under the firm name of Lubri-Gel Products or Lubri-Gel Company, and was unincorporated. The property was duly assessed each year by the taxing authorities of Trego County. The taxes for the years 1961 through 1965 were unpaid and personal property tax warrants were issued to the sheriff, and returned "not collected." Thereafter, for each of those years the county treasurer filed with the clerk of the district court an abstract of the total amount of unpaid taxes and interest due, plus penalties and costs, accompanied by the tax warrant, and the clerk entered such total amount on his

judgment docket against Lubri-Gel Company or Lubri-Gel Products as the name appeared on the warrant, which total amount became a judgment in the same manner and to the same extent as any other judgment. (K. S. A. 79-2101.)

On January 23, 1967, the Board of County Commissioners directed the clerk of the district court to issue execution to the sheriff of Trego County on the several personal property tax judgments. One execution was issued and docketed in the district court as case No. 4631, which recited a total judgment in favor of the Board of County Commissioners and against Lubri-Gel *Company* for $2,479.24, with interest at ten percent per annum, and $8.75 costs of which $2,487.99 remained unpaid. A copy of the execution was served upon the appellee by the sheriff on January 26, 1967, and he was told that if the amount of taxes due was not paid he, the sheriff, would levy on the appellee's building and equipment located west of WaKeeney and it would be advertised and sold to pay the judgments. Thereafter, the sheriff duly levied on the property in question. On February 7, 1967, the sheriff filed an appraisal which recited that he and two householders appraised the "buildings and equipment of Lubri-Gel *Corporation* of WaKeeney, Kansas," at $3.500. (Emphasis supplied.)

On February 16, 23, and March 2, 1967, the sheriff duly published a notice of sale of the property in question in The Western Kansas World of WaKeeney, as follows:

"In the District Court of Trego County, Kansas, ss:
"Board of County Commissioners of Trego County
    "vs
"Lubri-Gel Corporation.

"Case No. 4631

"Notice is hereby given that under and by virtue of an execution issued by the Clerk of the District Court in and for said county of Trego, in a certain action in said court numbered 4631, wherein the parties above named were respectively plaintiff and defendant, and to me the undersigned Sheriff of said county directed, I will offer for sale and sell at public auction, and sell to the highest bidder for cash in hand, at the west front door of the court house in the city of WaKeeney, in said County, on the 3rd day of March, 1967, at 2 o'clock p. m. of said day, the following described personal property, to-wit:

"All buildings and equipment located on the Union Pacific Railroad right-of-way owned by Lubri-Gel *Corporation* and located approximately Five Hundred (500) feet west of the west city limits of WaKeeney.

FRANK BEDNASEK
Trego County Sheriff."

(Emphasis supplied.)

The property was sold on March 3, 1967, as advertised in the notice of sale. In response to the notice, some fifteen to twenty-five people attended the sale and there was competitive bidding up until the final bid. The sheriff returned the execution to the clerk of the district court, which showed it was received by him on January 25, 1967; that he levied on the property in question and advertised the same for sale and sold the goods and chattels at the price set opposite the same respectively:

"Lubri-Gel Building and Equipment, less 2-50 h. p. electric motors and hook-up disconnects owned by Central Kansas Power, and 1 west sliding door and track owned by Ray Stithem, sold to Clyde O. Byrd $2600.00."

On March 8, 1967, in response to a motion to confirm the sale, the district court entered an order in which it found that the,

". . . personal property listed in said notice was purchased by Clyde O. Byrd for the sum of $2,600.00, *and that said sale, and all notice thereof, was had as provided by law and that said sale of personal property should be, and it is confirmed by the court and the sheriff of Trego County, Kansas, is authorized and directed to place Clyde O. Byrd, the purchaser of said property, in possession thereof.*" (Emphasis supplied.)

The record shows the appellee had money to pay the personal property tax judgments and that he conferred with the county attorney and the Board of County Commissioners after the issuance of the execution in an effort to have the commissioners "knock off" or "forgive" the interest due on said judgments. He was advised the property had been levied upon and was advertised for sale on March 3, 1967.

On May 1, 1967, and after the time to perfect an appeal or institute other proceedings in case No. 4631, the appellee filed his petition in the present action to quiet title to the property previously sold to the appellant, Clyde O. Byrd. All proceedings had in case No. 4631 were attached to and made a part of his petition.

The appellant's motion for summary judgment was considered by the district court and overruled. The district court concluded the execution was properly issued against Lubri-Gel *Company* but that the notice of sale referred to property of Lubri-Gel *Corporation* and that matters raised in the appellee's action were not *res judicata* by reason of the tax sale.

Thereafter, the appellant filed his answer to the appellee's petition, and alleged ownership of the building and equipment by virtue of the sheriff's sale and his possession of the property; that all matters set forth in the petition were *res judicata* by reason of proceedings

had in case No. 4631; that the present action was a collateral attack on such proceedings and the order of the district court confirming the sale; that the appellee was estopped from asserting ownership of the property; that the appellant was a *bona fide* purchaser of the property, and that he lawfully assumed the public officials had properly performed their duties in bringing the property to sale and selling it in case No. 4631.

Trial was by the court which rendered judgment in favor of the appellee. The court made findings of fact that the execution in case No. 4631 was a sufficient execution on the property of Tom Holden, doing business as Lubri-Gel Products or Lubri-Gel Company; that the notice of sale in case No. 4631 did not describe the property set out in the execution, but described property as being owned by Lubri-Gel Corporation, a separate and distinct legal entity other than Tom Holden, doing business as Lubri-Gel Company; that there was no property owned by such corporation at such location, and that such a corporation did not exist. It further found the sheriff's report of sale on the return of the execution should be set aside, and that its order of March 8, 1967, confirming the sheriff's sale should likewise be set aside. In accordance with its findings, the district court entered judgment in favor of the appellee and confirmed his ownership, title and possession of the property in question.

The appellee makes no claim there was any error in the assessment of the taxes against the property in question, or that the amount of taxes set forth in the execution was not actually due and unpaid, or that the levy upon the property was in any way invalid. In fact, he concedes that both the execution and the judgment on which it was based were legally sufficient. Hence, we omit any reference to the taxing statutes except to direct attention to K. S. A. 79-2101 which provides in effect that if a tax warrant is issued to the sheriff and is not collected, the county treasurer shall file with the clerk of the district court an abstract of the total amount of unpaid taxes and interest due, plus penalties and costs, accompanied by the last tax warrant and the clerk shall enter the total amount thereof on his judgment docket and said total amount, together with interest at ten percent from date of filing,

". . . shall become a judgment in the same manner and to the same extent as any other judgment under the code of civil procedure . . ."

The appellee asserts the outcome of this appeal is entirely dependent upon whether the published notice of sale of the personal

property was legally sufficient. He argues that the description of the property as contained therein was not only improper, but was completely erroneous, and the sale and the order confirming it were void.

K. S. A. 60-2409 requires that the officer who levies upon and sells personal property give public notice thereof, and reads in part:

"The officer who levies upon personal property, shall, before he proceeds to sell the same, cause public notice to be given of the time and place of sale, for at least ten (10) days before the day of the sale. The notice shall be given by advertisement, published in some newspaper printed in the county, or, in case no newspaper be printed therein, by putting up advertisements in five (5) public places in the county, one of which shall be on a bulletin board established for public notices in the county courthouse . . ."

In concluding the notice of sale was defective because it described the buildings and equipment of Lubri-Gel *Corporation*, the district court ignored the remaining portions of the description contained in the notice of sale. The property advertised to be sold was all buildings and equipment on the Union Pacific Railroad right of way approximately 500 feet west of the city limits of WaKeeney, Kansas. There was only one Lubri-Gel plant in the county and it was owned by the appellee. The fact the notice referred to the property as being owned by Lubri-Gel *Corporation* rather than Lubri-Gel *Company* did not mislead prospective bidders and in the exercise of ordinary diligence anyone could have identified the property. The property was subject to examination by bidders and a defect, if any, in the description of the property which does not mislead will not vitiate the sale. (33 C. J. S. Executions, § 211, p. 451.) Moreover, the appellee had actual notice of the issuance of the execution to satisfy his unpaid taxes. While the notice of sale might have been voidable before confirmation by the district court—a point we need not here pass upon—we are of the opinion that the use of the word "corporation" rather than "company" did not render the sale void and it may not be treated as void in a collateral attack like the present action. (*Magnolia Petroleum Co. v. Moyle,* 160 Kan. 722, 165 P. 2d 419.) See K. S. A. 17-2802A. At most, the irregularity in the notice of sale describing the property was a technical, not a judicial, irregularity. (30 Am. Jur. 2d, Executions, § 32, p. 634.)

The appellee concedes there was a valid judgment for unpaid taxes in case No. 4631. Proceedings in that case were final when

the district court confirmed the sale. The time for appeal passed without any appeal being taken, and the appellee made no attempt to set the sale aside or correct the error which he now seeks to make available by collateral attack to defeat the sale. Where such an attack is made, unless it is clearly and conclusively made to appear that the court had no jurisdiction, or that it transcended its jurisdiction, the proceedings will be held to be valid. (*Woodring v. Hall,* 200 Kan. 597, 438 P. 2d 135, Syl. ¶ 9.) Since the district court had jurisdiction of the person and the subject matter and the judgment was in all respects legal, the error, if any, in describing the defendant as Lubri-Gel Corporation was not a jurisdictional defect, rendering the acts of the sheriff absolutely void. The sheriff's official report of all the proceedings, including the notice of sale, was before the court on March 8, 1967, for adjudication at the time of confirmation, and it was expressly found upon examination that the sale and the notice thereof were had as provided by law and all acts of the sheriff were regular and in conformity with the statute. Until reversed or set aside in a direct proceeding instituted for that purpose, the confirmation of an execution sale is conclusive as to everything found by the court that is essential to its regularity. (*Schroeder v. Pehling,* 20 S. D. 642, 108 N. W. 252; 30 Am. Jur. 2d, Executions, § 322, p. 634.)

For reasons above set forth, we are of the opinion the district court erred in entering judgment in favor of the appellee. The judgment is reversed with directions to enter judgment in favor of the appellant.

It is so ordered.